The appellant, John Marcus McDaniel, was convicted for the unlawful possession of a short-barreled shotgun, a violation of § 13A-11-63, Code of Alabama 1975. Thereafter he was sentenced to five years in prison and was placed on probation for three years.
The appellant presents one issue on appeal to this court. He contends that § 13A-11-63, Code of Alabama 1975, is unconstitutionally vague and violative of his due process rights. The appellant contends that the statute is vague because it states no specific mental state which is required to complete the offense. The appellant has preserved this issue by objecting at trial that the statute was vague.
Section 13A-11-63, Code of Alabama 1975, provides as follows:
 "(a) A person who possesses, obtains, receives, sells, or uses a short-barreled rifle or a short-barreled shotgun is guilty of a Class C felony.
 "(b) This section does not apply to a peace officer who possesses, obtains, receives, sells, or uses a short-barreled rifle or a short-barreled shotgun in the course of or in connection with his official duties."
The term "short-barreled shotgun" is defined in § 13A-11-62(5), Code of Alabama 1975. That subsection provides as follows:
 "(5) SHORT-BARRELED SHOTGUN. A shotgun having one or more barrels less than 18 inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches."
It is uncontested that the shotgun in this case had a barrel length of 11 3/4 inches and that the total length of the weapon was only 18 1/4 inches.
This court stated in Jordan v. State, 411 So.2d 816
(Ala.Cr.App. 1981), "The test [for vagueness] is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Connally v. General Construction Co., 1926,269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322."
The appellant contends that § 13A-11-63 is void for vagueness in that it does not provide adequate notice of the prohibited conduct. However, the language of this statute specifically prohibits the possession of a short-barreled shotgun, as that term is defined in § 13A-11-62, by anyone except law enforcement officers in the course of official business.
Furthermore, this statute does not require a "specific mental culpability" on the part of the offender. As Judge Bowen, writing for this court in Johnson v. State, [Ms. CR-89-1536, May 17, 1991], 1991 WL 102186 (Ala.Cr.App. 1991), stated in addressing the constitutional validity of § 13A-11-72, which prohibits persons convicted of a crime of violence from possessing a pistol:
 "The general rule is stated in 94 C.J.S. Weapons § 5 (1956):
 " 'While intent is an indispensable element of the crime of carrying a weapon, and of unlawful possession, under some statutes, . . . the intent deemed indispensable is merely the intent to do the prohibited act, rather than the intent to violate the law, with the result that it has been held that the intentional doing of the prohibited act constitutes in itself a complete criminal offense, irrespective of the purpose or motive of accused, unless the purpose is of a kind permitted by the statutes.' (Footnotes omitted.)"
(Emphasis added.)
Section 13A-2-3, Code of Alabama 1975, provides as follows:
 "The minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If that conduct is all that is required for commission of a particular offense, or if an offense or some material element thereof does not require a culpable mental state on the *Page 769 part of the actor, the offense is one of 'strict liability.' If a culpable mental state on the part of the actor is required with respect to any material element of an offense, the offense is one of 'mental culpability.' "
(Emphasis added.)
In this case, all that must be proven is that the appellant knew that he was in possession of a shotgun. Section 13A-11-63, Code of Alabama 1975, is a "strict liability" crime; thus, no specific culpable mental state is required for criminal liability to attach.
Section 13A-11-63 is analogous to § 13A-12-212, Code of Alabama 1975. That section addresses the unlawful possession of controlled substances. It provides in pertinent part:
 "(a) A person commits the crime of unlawful possession of controlled substance if:
 "(1) Except as otherwise authorized, he possesses a controlled substance enumerated in schedules I through V."
All that is required to commit this crime is a knowing possession. The same is true for violation of § 13A-11-63.
The state's evidence at trial tended to show that the appellant knew that he was in possession of the shotgun at the time of his arrest. In fact, he stated that he was taking the gun to have an acquaintance look at it when he was stopped by the police.
The appellant argues that he did not know that possession of the short-barreled shotgun constituted a criminal offense. Knowledge of the law is presumed, and the trial court did not err in denying this challenge.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.