The appellant, Robert Hampton Nation, Jr., was convicted of possessing a controlled substance, cocaine, in violation of § 13A-12-212, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to 15 years' imprisonment. His sentence was split, and he was ordered to serve two years in prison.
The state's evidence tended to show that on the evening of January 17, 1992, Lieutenant Sammy Blocker of the Ozark Police Department was conducting a surveillance operation near Acker Plaza, a shopping mall, in Ozark. He was driving an unmarked police car and was accompanied by Ozark Police Sergeant Keith Cauthen and Lieutenant Butch Jones, a member of the narcotics division of the Dale County Sheriff's Department. The officers received information from a confidential informant that had alerted them to be on the lookout for a red 1984 *Page 1158 
Nissan automobile, which, it was subsequently determined, belonged to the appellant.
When Officer Blocker spotted the car, he turned on his blue lights. Clint Coslett was driving the Nissan. Upon seeing the blue lights, he immediately began to accelerate. During the chase, the appellant, who was sitting in the passenger's seat of the Nissan, threw a plastic bag out of the window. A few seconds later, the appellant threw a brown prescription medicine bottle out of the window. Both Officer Cauthen and Officer Jones saw the appellant throw the items out of the window and watched to see where both items landed.
The appellant and Coslett were soon stopped and arrested. After the arrests were made, Officer Jones went back to the sites where the bag and the bottle had landed, and retrieved them. The plastic bag contained what appeared to be marijuana, and the medicine bottle contained a plastic bag and a white powder residue. He gave the items to Officer Blocker, who packaged them and later had them taken to the Alabama Department of Forensic Sciences laboratory in Enterprise. David Thorne, the drug chemistry supervisor at the Enterprise laboratory, testified that the plastic bag contained marijuana, and that the white powder residue in the medicine bottle was cocaine.
The appellant testified on his own behalf. He admitted that the marijuana belonged to him. The crux of the appellant's defense was that the bottle containing the cocaine belonged to Coslett and that the appellant did not know that the bottle contained cocaine. He stated that during the chase, Coslett handed him the bottle and told him to throw it out the window, and he did. He denied that he knew what was in the bottle. The appellant further testified that he had pleaded guilty to unlawful possession of the marijuana that he threw out the window on that evening. He testified that he had three prior convictions for burglary and one conviction for theft of property.
 I
The appellant first contends that there was insufficient evidence to find him guilty of possessing cocaine.
 "Three elements are necessary to establish possession of a controlled substance. These are: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control."
Self v. State, 564 So.2d 1023, 1026 (Ala.Cr.App. 1989), writ quashed, 564 So.2d 1035 (Ala. 1990).
Further, the state needed to show that the appellant knowingly possessed the cocaine. See McDaniel v. State,589 So.2d 767 (Ala.Cr.App. 1991). Both Officer Jones and Officer Cauthen testified that they saw the appellant throw the medicine bottle containing the cocaine residue out of the window of his car. Therefore, he had actual physical control of the bottle. The appellant denied knowing the contents of the bottle, although the jury apparently disbelieved this testimony. Further, he testified that the marijuana that he threw out the window belonged to him, and that he knew that he was not supposed to have the marijuana in his possession. The issue whether the appellant knew that the medicine bottle contained an illegal drug is for the jury to decide. See generally Walker v. State, 500 So.2d 106 (Ala.Cr.App. 1986);Womack v. State, 435 So.2d 754 (Ala.Cr.App.), aff'd,435 So.2d 766 (Ala.), cert. denied, 464 U.S. 986, 104 S.Ct. 436,78 L.Ed.2d 367 (1983). The state presented a prima facie case against the appellant for the possession of cocaine. Therefore, the trial court did not err in submitting the case to the jury.
 II
The appellant next contends that the trial court erred in denying his motion to exclude the state's evidence. Specifically, he contends that the state failed to prove that the bag containing the marijuana and the bottle containing the cocaine residue, both entered into evidence as State's Exhibit One, were the same bag of marijuana and bottle of cocaine that he threw out of his car window during the chase.
This issue has not been preserved for our consideration. The appellant did not make a timely objection when the state's Exhibit One *Page 1159 
was offered and received into evidence. His motion to exclude was made only after the state had rested its case. This court, in Snider v. State, 406 So.2d 1008, 1014 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981), stated:
 "A motion to exclude . . . will not preserve error in the admission of evidence where no timely objection has been made at the time of its admission. McQueen v. State, Ala.Cr.App., 355 So.2d 407 (1978); Body v. State, Ala.Cr.App., 341 So.2d 744, cert. den., Ala., 341 So.2d 748 (1976)."
Therefore, the appellant cannot now argue that the trial court erred by receiving the items into evidence. It is important to note that, even if the appellant's motion had been timely, there would be no error. On both direct and cross-examination, the appellant admitted that the medicine bottle identified as part of State's Exhibit One was the same bottle that he threw out of his car window during the chase.
 II
Last, the appellant contends that it was error for the trial court to fail to declare a mistrial ex mero motu or to give a further curative instruction following his objection to a comment by the prosecutor during closing argument. During the prosecutor's closing argument, defense counsel made the following objection:
 "[Defense Counsel]: Objection Your Honor, to 'four prior felonies and this guy has not learned his lesson.' I object Your Honor."
The trial court sustained the objection, and stated, "Ladies and Gentlemen, you will not consider that." The appellant did not move for a mistrial, or ask for further curative instruction. Because the trial court sustained the objection, the appellant does not have an adverse ruling from which to appeal. Leonard v. State, 551 So.2d 1143 (Ala.Cr.App. 1989);Britain v. State, 533 So.2d 684 (Ala.Cr.App. 1988). Also, "[t]here is a prima facie presumption against error when the trial court immediately charges the jury to disregard the improper remarks or answers." Garrett v. State, 580 So.2d 58,59 (Ala.Cr.App. 1991). Moreover, we will not place the trial court in error for failing to declare a mistrial in this instance when the appellant did not first ask for one, although circumstances can exist in which a mistrial should be declared ex mero motu.
We note that even if this issue had been preserved, we would be unable to reach the merits of this argument because the record does not contain the prosecutor's statement. The Alabama Supreme Court was presented with a similar issue in Ex parteHannah, 527 So.2d 675 (Ala. 1988), where the prosecutor, during his closing argument, referred to the defendant as a "criminal." The court stated:
 "While the prosecutor may comment in his closing argument on previous crimes committed by the defendant, for certain purposes, e.g., impeachment, an argument is inappropriate where it is made to appeal to a jury's not-so-unnatural belief that a person who has committed one or more previous transgressions is likely to commit another. Stephens v. State, 252 Ala. 183, 186, 40 So.2d 90 (1949). However, in the present case, we are unable to ascertain whether the prosecutor's statement was calculated to misappropriate the evidence of the petitioner's prior convictions, because the record before us does not contain the prosecutor's statement."
527 So.2d at 676.
No error occurred here.
For the reasons stated above, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1160