The appellant, Donnie Louis Moore, was convicted on retrial of trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to 15 years imprisonment in the state penitentiary. The appellant's previous conviction for this offense was reversed by this court because a violation of the principle in Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), occurred in striking the jury. SeeMoore v. State, 661 So.2d 770 (Ala.Cr.App. 1994).
The state's evidence tended to show that on November 17, 1992, Officer Roy Taylor and Sergeant Paul Crane, of the Huntsville Police Department, were on routine patrol. The appellant's vehicle made a wide turn around a corner, almost hitting their police car. The officers made a U-turn and stopped the appellant's vehicle. The appellant pulled his vehicle into a driveway and the passenger got out of the car and began yelling and making gestures at the police officers. The appellant got out of his vehicle and ran toward a nearby house; Officer Taylor and Sergeant Crane chased him. The officers testified that they saw the appellant remove a plastic bag from his right pants pocket and toss it into an ice chest that was on the ground at the corner of the house. Sergeant Crane continued to chase the appellant while Officer Taylor stopped and retrieved the plastic bag. Sergeant Crane caught the appellant. Officer Eddie Houck of the Huntsville Police Department arrived to assist the officers and conducted a field test on the substance in the plastic bag, which tested positive for cocaine. The plastic bag contained 32.4 grams of cocaine.
 I
The appellant initially contends that the trial court erred in finding that he failed to make a prima facie showing that the state used its peremptory strikes to remove blacks from the jury in violation of Batson. Specifically, the appellant asserts that he established a prima facie case of racial discrimination because 3 out of the 7 black potential jurors in a juror pool of 30 were struck solely because of their race. *Page 829 
In Batson, the United States Supreme Court held that black prospective jurors could not be removed from a black defendant's jury based solely on their race. The United States Supreme Court extended its decision in Batson to apply to white defendants in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991); to civil cases in Edmonson v. LeesvilleConcrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660
(1991); and to defense counsel in criminal cases in Georgia v.McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). The Alabama Supreme Court has held that Batson applies to the striking of white prospective jurors. White ConsolidatedIndustries, Inc. v. American Liberty Insurance Co.,617 So.2d 657 (Ala. 1993). In 1994, the United States Supreme Court extended Batson to apply to gender in J.E.B. v.Alabama, 511 U.S. 127, 114 S.Ct. 1419, 128 L.E.2d 89 (1994).
The defendant has the initial burden of establishing a prima facie case of discrimination in order to prove aBatson violation. If the defendant meets this burden, the burden then shifts to the prosecutor to show race-neutral reasons for the peremptory strikes. Cosby v. State,627 So.2d 1059 (Ala.Cr.App. 1993).
In Ashley v. State, 606 So.2d 187 (Ala.Cr.App. 1992), the prosecution used three of its seven strikes to remove blacks from the pool of potential jurors. This court held that the "appellant failed to establish a prima facie case under Batson
and Ex parte Branch [526 So.2d 609 (Ala. 1987)] because the appellant failed to show any evidence of discrimination other than the number of blacks struck." Ashley, 606 So.2d at 192. Similarly in the present case, the only evidence presented to the trial court by the appellant was the fact that three out of the seven potential black jurors were struck by the prosecution. There was no evidence presented that any of the factors set out in Ex parte Branch, 526 So.2d 609 (Ala. 1987), which may be used to establish a prima facie case, existed. The evidence presented at trial was not sufficient to prove a prima facie case of a Batson violation. The trial court did not err in denying the appellant's Batson motion.
 II
The appellant next asserts that the state failed to establish a prima facie case of the crime of trafficking in cocaine.
The appellant was indicted under § 13A-12-231, Code of Alabama, which reads in part:
 "(2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as 'trafficking in cocaine.' "
The state's evidence tended to show that the appellant was in possession of over 28 grams of cocaine. As previously stated, Officer Taylor and Sergeant Crane testified that they saw the appellant remove a plastic bag from his right pants pocket and toss the bag into an ice chest as they were chasing him on foot. Officer Taylor recovered the plastic bag and eventually had it transferred to the Alabama Department of Forensic Sciences lab in Huntsville for testing. Mrs. Martha Odum, who is in charge of the drug chemistry section of the Huntsville division of the Alabama Department of Forensic Sciences, testified at trial that the plastic bag recovered by Officer Taylor contained 32.4 grams of cocaine.
Because the officers saw the appellant throw the bag containing the cocaine, there was sufficient evidence to show that he had actual possession of the cocaine. Nation v. State,627 So.2d 1156 (Ala.Cr.App. 1993). In addition, the state showed through Martha Odum's testimony that the amount of cocaine exceeded 28 grams. The prosecution presented sufficient evidence to make a prima facie case of trafficking in cocaine.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 830