BASCHAB, Judge.
The appellant, Charlie Frank Forte, was convicted of resisting arrest, a violation of § 13A-10-41, Ala.Code 1975, and unlawful possession of a controlled substance, a vio *927 lation of § 13A-12-212, Ala.Code 1975. The trial court sentenced him to concurrent sentences of one year in prison for the resisting arrest conviction and two years in prison for the unlawful possession conviction. The appellant filed a motion for a new trial, which the trial court denied. This appeal follows.[1]
On December 1, 1997, officers with the Barbour County Drug Task Force saw the appellant in a car parked at an intersection in Eufaula, Alabama. A black male was standing at the driver’s door talking to the appellant. The officers pulled up, almost in front of the car, and turned on their blue lights to make contact with the appellant. As the appellant drove away, the officers followed in what they described as a “low speed chase.” They followed him as he continued to drive, making frequent turns and running several stop signs. The officers testified that they saw the appellant throw plastic bags out of the driver’s window in two locations, and they reported those locations to dispatch. When the appellant finally stopped his car, the officers pulled past him. As they were about to get out of their car, the appellant’s car moved forward. At that point, one of the officers drew his gun, reached through the window of the appellant’s car, and grabbed the appellant. As the other officer approached the car, he opened the door and the appellant got out “swinging with both hands [and] with his head coming at [the officer].” (R. 23.) The officer hit the appellant in the head with his flashlight, but the appellant continued to struggle, hitting the officer in the chest with his head. Eventually, the officers secured the appellant with handcuffs. Shortly thereafter, the officers returned to the area where the appellant had tossed out the plastic bags, and they recovered three small bags that contained what appeared to be cocaine. Forensic testing revealed that the bags contained .43 grams of cocaine.
I.
The appellant argues that the trial court erroneously allowed James L. Thomas, Sr., to testify about a conversation he had had with James Tenille, a defense witness. Tenille testified that he was the black male standing outside the appellant’s car talking to the appellant when the police car approached. He testified further that, after the officers arrested the appellant, he talked to Thomas, a member of the district attorney’s staff, about that conversation. Tenille stated that he told Thomas that he and the appellant were talking “about ... some business ... he taken me to see my son in Georgia ... that was it.” (R. 91.) The State called Thomas as a rebuttal witness to refute Tenille’s testimony. Thomas testified that Tenille told him that he was talking to the appellant in an attempt to get some cocaine from the appellant on credit. He also stated that he was “looking out” for the appellant while the appellant was bagging up pieces of crack cocaine. (R. 192-93.)
The appellant argues that Thomas’ testimony was inadmissible hearsay. “ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala. R. Evid. (emphasis added).
“ ‘ “Hearsay testimony consists of an out-of-court statement offered to prove the truth of the matter asserted. Ex parte Bryars, 456 So.2d 1136, 1138 (Ala.1984). However, the prohibition against hearsay testimony applies only to a statement offered to prove the truth of its contents. Tillis v. State, 469 So.2d 1367, 1370 (Ala.Cr.App.1985). ‘A statement offered for some other purpose other than to prove the truth of the matter of its factual assertion is not hearsay.’ Thomas v. State, 408 So.2d 562, 564 (Ala.Cr.App.1981).” ’ ”
*928 Miller v. State, 687 So.2d 1281, 1284 (Ala.Cr.App.1996) (quoting Adams v. State, 659 So.2d 224, 226 (Ala.Cr.App.1994)).
“Inconsistent statements generally, offered to impeach a witness, will continue to be admissible upon the theory that such statements are not offered to prove the truth of the matter asserted but, rather, to show that the witness says one thing in court today but said something different in the past.”
Rule 801(d)(1)(A), Ala. R. Evid. advisory committee’s notes. The State did not offer Thomas’ testimony to prove that the appellant had crack cocaine in his car. Rather, it offered the testimony to impeach Tenille by showing an inconsistency in his testimony. Therefore, the trial court properly allowed Thomas to testify about his conversation with Tenille.
II.
The appellant next argues that the State did not present sufficient evidence to support his conviction for unlawful possession of a controlled substance because the verdict was allegedly contrary to the great weight of the evidence. Specifically, he argues that the State did not prove that he had constructive possession of the cocaine the officers recovered. Section 13A-12-212, Ala.Code 1975, provides that “[a] person commits the crime of unlawful possession of [a] controlled substance if: (1) Except as otherwise authorized, he possesses a controlled substance enumerated in Schedules I through V.” “ ‘Three elements are necessary to establish possession of a controlled substance. These are: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control.’ ” Nation v. State, 627 So.2d 1156, 1158 (Ala.Cr.App.1993) (quoting Self v. State, 564 So.2d 1023, 1026 (Ala.Cr.App.1989), cert. quashed, 564 So.2d 1035 (Ala.1990)). In addition, the State must show that the appellant “knowingly possessed the cocaine.” Id. See also Wallace v. State, 690 So.2d 534 (Ala.Cr.App.1996). “ ‘In determining the sufficiency of the evidence, this Court must accept as true the evidence introduced by the State, must make all legitimate inferences from that evidence and must consider such evidence in the light most favorable to the State.’ Daniel v. State, 623 So.2d 438, 441 (Ala.Cr.App.1993).” Turner v. State, 674 So.2d 1371, 1376 (Ala.Cr.App.1995).
In this case, both officers testified that they saw the appellant throw the bags containing the cocaine out of his car window. In Carlisle v. State, 533 So.2d 645 (Ala.Cr.App.1987), we held:
“ ‘The act of the appellant throwing the brown paper bag [containing marijuana] out of the car window, coupled with surrounding circumstances, was sufficient to prove the appellant’s possession of the marijuana and his knowledge of the presence of marijuana in the brown bag in question. The appellant’s actions showed his actual physical control of the bag containing marijuana, his intention to exercise dominion of it and an external manifestation of his intent and control. Furthermore, the act of throwing the bag out of the window when the car was stopped by the police tended to show the appellant’s guilty conscience. It is obvious that he threw the bag away so that the marijuana would not be found in the car or on his person.’ ”
533 So.2d at 650 (quoting White v. State, 479 So.2d 1368, 1377 (Ala.Cr.App.1985)). Thus, the State presented sufficient evidence to show that the appellant actually possessed the bags of crack cocaine. See Moore v. State, 677 So.2d 828 (Ala.Cr.App.1996).
III.
Finally, the appellant argues that the trial court erroneously admitted evidence of a legal claim he had filed against the City of Eufaula. Specifically, he argues that the information contained in the claim was irrelevant to his credibility and that, even if the information was relevant, it should have been excluded under Rule *929 403, Ala. R. Evid., because its probative value was substantially outweighed by the danger of unfair prejudice. The State offered the “Statement of Claim” to impeach the appellant’s credibility because his trial testimony concerning the chase was inconsistent with his allegations in his “Statement of Claim.” When the State first asked the appellant about the information contained in the “Statement of Claim,” defense counsel stated:
“I’m going to object. If there is something in that that does not coincide with what he is testifying about today, he can talk about that. But, otherwise all he is doing is offering it to prejudice the jury.”
(R. 174) (emphasis added). The State then informed the trial court that the evidence was relevant to the appellant’s credibility. After the document was admitted, the State questioned the appellant about inconsistencies between his trial testimony and his assertions in the “Statement of Claim.” At trial, the appellant conceded that any prior inconsistent statements contained in the “Statement of Claim” would be admissible. Furthermore, he only claimed that the evidence would be prejudicial if it was not being offered to show inconsistencies with his trial testimony.
“ A party cannot assume inconsistent positions at trial and on appeal, and a party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own actions.’ Fountain v. State, 586 So.2d 277, 282 (Ala.Cr.App.1991).”
Williams v. State, 710 So.2d 1276, 1316 (Ala.Cr.App.1996), aff'd, 710 So.2d 1350 (Ala.1997), cert. denied, 524 U.S. 929, 118 S.Ct. 2325, 141 L.Ed.2d 699 (1998). The appellant’s claims on appeal regarding the relevance and prejudicial impact of evidence concerning his legal claim against the City of Eufaula are inconsistent with his position at trial. Because the appellant invited this error, he cannot now claim that the trial court erred in admitting the “Statement of Claim” for impeachment purposes.
Moreover,
“[t]he right to cross-examine a witness extends to any matter relevant to any issue and to matters affecting the credibility of the witness, except when a party calls an adverse party or an officer, a director, or a managing agent of a public or private corporation or a partnership or association that is an adverse party, or a witness identified with an adverse party.”
Rule 611(b), Ala. R. Evid. The appellant testified that, although he saw a blue light behind him, he did not see the police. Further, he stated that the first time he saw Officer Hamm was when the officer approached him as he got out of his parked car. Later, on cross-examination, the appellant testified that he did not see Officer Hamm until after one of the two officers hit him with the flashlight. In the “Statement of Claim,” the appellant alleged:
“On December 1, 1997, Charlie Forte was parked on Van Burén Street in Eu-faula, Alabama. He was speaking with James Tenille, a friend of his, when he noticed an unmarked police unit commonly known as Commander Lee Hamm’s automobile pulling in behind him. He then drove away from Commander Hamm as he had not signaled for him to stop or remain in that spot. Commander Hamm followed his car in an effort to apprehend him. He led police to a middle class neighborhood in which a friend of his lives because he was unaware of Lee Hamm’s intentions and wanted a witness. After he was stopped, he was hit on the crown of his head with a flashlight by Commander Lee Hamm....”
(R. 9E)(emphasis added). Thus, the evidence was relevant to show that the witness said one thing in court but had said something entirely different in the past. See Rule 801(d)(1)(A), Ala. R. Evid. advisory committee’s notes.
*930 Furthermore, the evidence should not have been excluded under Rule 403, Ala. R. Evid. The appellant’s testimony regarding the chase was relevant to whether he resisted arrest. Accordingly, his inconsistent statements on this issue had an extremely high probative value and would have aided the jury in evaluating his credibility. Furthermore, there was little danger that the evidence of the legal claim would have an unfair prejudicial impact on his case. Therefore, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.
IV.
The record reveals that, with respect to the unlawful possession conviction, the trial court did not impose the fíne mandated by § 13A-12-281, Ala.Code 1975. Section 13A-12-281 specifically requires that the trial court impose a fine of $1,000 for first-time drug offenders and $2,000 for second-time and subsequent drug offenders. In accordance with Pier-son v. State, 677 So.2d 246 (Ala.1995), we remand this case so the trial court may impose the appropriate fine pursuant to § 13A-12-281. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS FOR IMPOSITION OF FINE.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. Forte does not appeal his resisting arrest conviction. (C.R.30-C.)