COBB, Judge,
dissenting.
I respectfully dissent from the majority’s unpublished memorandum, in which it affirms Joshua D. Creech’s convictions and sentences.
I disagree with the majority’s assertion that “evidence of the appellant’s prior drug use and previous drug charges were relevant to establish that he had knowledge of what was contained in the vial and, thus, that he knowingly possessed the methamphetamine.” For this proposition, the majority relies on McDaniel v. State, 589 So.2d 767 (Ala.Crim.App.1991), Nation v. State, 627 So.2d 1156 (AIa.Crim.App.1993), and Eady v. State, 495 So.2d 1161 (Ala.Crim.App.1986). I address the applicability of each case in turn.
In McDaniel v. State, 589 So.2d 767, 769 (Ala.Crim.App.1991), the Court of Criminal Appeals held that, as for a statute that did not require proof of a “specific culpable mental state” in establishing the illegal possession of a short-barreled rifle, “all that must be proven is that the appellant knew that he was in possession of a shotgun.” The opinion analogized the short-barreled shotgun statute to § 13A-12-212, Ala.Code 1975, stating, “All that is required to commit this crime is a knowing possession.” 589 So.2d at 769. I agree with this proposition; the problem in the present case, as I discuss in more detail below, is that Creech’s knowledge that he possessed methamphetamine was not at issue at trial.
In Nation v. State, 627 So.2d 1156, 1158 (Ala.Crim.App.1993), “[t]he crux of the appellant’s defense was that the bottle containing the cocaine belonged to [the code-fendant] and that the appellant did not know that the bottle contained cocaine.” Thus Nation was a case of constructive possession — a case of nonexclusive possession where one defendant maintained that the drugs belonged to another defendant also on the premises — and, therefore, a case where knowledge of the controlled substance was at issue.
The case at hand presents a case of actual possession; therefore, Creech’s knowledge that the medicine bottle cap contained methamphetamine residue was not at issue. Creech did not deny possession of the methamphetamine to the detriment of his codefendant, nor did he deny knowledge of the existence or nature of the controlled substance. Rather, he denied that either he or his codefendant ever possessed the objects in question; he asserted that the police officers were mistaken and that the objects found at the scene had not been thrown from the car he was riding in. Thus it was his actual physical control over the objects in question, that is, whether there was a possession at all, that was at issue; his knowledge of the methamphetamine was not at issue.
In Eady v. State, 495 So.2d 1161 (Ala.Crim.App.1986), the facts were similar to those in this case in that, although law enforcement officers testified that they saw a paper bag being thrown from the driver’s side window of the appellant’s car as they chased him, the appellant argued at trial that the bag, which was later found to contain marijuana, was not his and that he did not throw it from his car. Thus Eady was a case where the actual possession of the drugs was at issue, as is the case at hand, but the decision in Eady had nothing to do with the admission at trial of evidence of the appellant’s prior drug use or arrests.
In this case, any evidence of Creech’s previous arrest and previous drug use should not have been admitted to prove- *1191 something not at issue; such evidence was irrelevant. If the evidence of prior bad acts was not relevant to any existing issue at trial, then the only relevance such evidence had was to the appellant’s character, which is exactly what Rule 404(b), Ala. R. Evid., disallows.
Therefore, I dissent from the majority’s decision to affirm Creech’s convictions and sentences.