KELLUM, Judge.
Mohammad Sharifi appeals the circuit court's summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his capital-murder conviction and sentence of death.
In 2005, Sharifi was convicted of capital murder for the murders of Sarah Kay Smith Sharifi, his estranged wife, and Derrick Brown by one act or pursuant to one scheme or course of conduct. See § 13A-5-40(a)(10), Ala. Code 1975. By a vote of 10-2, the jury recommended that Sharifi be sentenced to death for his capital-murder conviction. The trial court followed the jury's recommendation and sentenced Sharifi to death. This Court affirmed Sharifi's conviction and death sentence on appeal. Sharifi v. State, 993 So.2d 907 (Ala.Crim.App.2008). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on May 16, 2008. The United States Supreme Court denied certiorari review on November 3, 2008. Sharifi v. Alabama, 555 U.S. 1010, 129 S.Ct. 491, 172 L.Ed.2d 386 (2008). The facts of Sharifi's crime are set out fully in our opinion in Sharifi v. State and need not be repeated here.
On May 3, 2009, Sharifi filed the instant Rule 32 petition, raising several claims, including claims of ineffective assistance of counsel. Sharifi's appellate counsel prepared the petition on Sharifi's behalf, but Sharifi submitted the petition pro se.[1] On May 29, 2009, Sharifi filed a pro se amendment to his petition, raising additional claims. In July 2009, Sharifi procured counsel to represent him in the Rule 32 proceedings, and counsel filed a motion for leave to amend the petition. The State then filed a motion requesting that the circuit court set a date for the filing of the amended petition. The circuit court did not rule on either motion, and counsel did not file an amended petition.
In February 2012, Sharifi procured new counsel to represent him in the proceedings, and in August 2012 that counsel moved for a 90-day enlargement of time in which to amend the petition, which the circuit court granted. Counsel filed an amendment to the petition on November 30, 2012, raising additional claims. The State filed an answer and a motion to dismiss Sharifi's petition and amendments on March 14, 2013. On December 30, 2013, counsel filed a reply to the State's response, a motion for leave to again amend the petition, and an amendment to the petition.
In May 2014, Sharifi once again procured new counsel to represent him in the proceedings, and in September 2014 new counsel filed a motion for an evidentiary hearing. We note that between August 2012 and April 2015, while represented by counsel, Sharifi filed 11 pro se amendments to his petition, numerous pro se motions, and a pro se reply to the State's response. In August 2013, upon motion of the State, the circuit court struck Sharifi's *607 pro se filings received as of that date, with the exception of his initial petition and amendment filed in May 2009, and directed Sharifi to refrain from filing any further pro se pleadings. In December 2014, the circuit court, noting that Sharifi had ignored its August 2013 directive to not file any further pro se pleadings, issued an order directing that any pro so filings by Sharifi be forwarded to his attorney and not be included as part of the official court file. In April 2015, noting that Sharifi had continued to file pro se pleadings since December 2014, the circuit court issued a second order directing that any pro se filings by Sharifi be forwarded to his attorney and not be included as part of the official court file and striking additional pro se pleadings that Sharifi had filed between October 2014 and April 2015.
On June 26, 2015, the circuit court issued an order denying Sharifi's December 30, 2013, motion for leave to amend his petition; striking all of Sharifi's pro se pleadings filed as of that date with the exception of Sharifi's original petition filed in May 2009 and his pro se amendment also filed in May 2009; and summarily dismissing Sharifi's petition and amendments. Sharifi did not file a postjudgment motion. The circuit court specifically noted in its order that it was considering only Sharifi's original May 2009 petition, the May 2009 pro se amendment, and the 2012 amendment filed by counsel. Therefore, in disposing of this appeal, we do not consider those pro se filings struck by the circuit court. As did the circuit court, we consider only Sharifi's original petition, his May 2009 amendment, and his 2012 amendment.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). "However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, '[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.' " Boyd v. State, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992) ). "On direct appeal we reviewed the record for plain error; however, the plain-error standard of review does not apply to a Rule 32 proceeding attacking a death sentence." Ferguson v. State, 13 So.3d 418, 424 (Ala.Crim.App.2008). "It is well settled that 'the procedural bars of Rule 32 apply with equal force to all cases, including those in which the death penalty has been imposed.' " Nicks v. State, 783 So.2d 895, 901 (Ala.Crim.App.1999) (quoting State v. Tarver, 629 So.2d 14, 19 (Ala.Crim.App.1993) ). Moreover, with limited exceptions not applicable here, the general rule is that this Court may affirm a circuit court's judgment if it is correct for any reason. See Bryant v. State, 181 So.3d 1087, 1100 (Ala.Crim.App.2011) ; Moody v. State, 95 So.3d 827, 833 (Ala.Crim.App.2011) ; and McNabb v. State, 991 So.2d 313, 333 (Ala.Crim.App.2007), and the cases cited therein.
Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition
"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."
I.
Initially, we point out that Sharifi does not pursue on appeal many of the *608 claims he raised in his petition and amendments. It is well settled that this Court "will not review issues not listed and argued in brief." Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995). " '[A]llegations ... not expressly argued on ... appeal ... are deemed by us to be abandoned.' " Burks v. State, 600 So.2d 374, 380 (Ala.Crim.App.1991) (quoting United States v. Burroughs, 650 F.2d 595, 598 (5th Cir.1981) ). "[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned." Ferguson v. State, 13 So.3d 418, 436 (Ala.Crim.App.2008). Those claims Sharifi raised in his petition and amendments but does not pursue on appeal are deemed abandoned and will not be considered by this Court.
II.
Sharifi first reasserts on appeal the claim from his petition that his trial counsel were ineffective for not raising an objection at trial to the State's use of its peremptory strikes on the ground that the strikes violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and J.E.B. v. Alabama, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his or her counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id."The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689.
Rule 32.3, Ala. R. Crim. P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala. R. Crim. P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." As this Court noted in Boyd v. State, 913 So.2d 1113 (Ala.Crim.App.2003) :
" 'Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion'which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts."
913 So.2d at 1125.
"The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 *609 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App.2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must 'identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient."
Hyde v. State, 950 So.2d 344, 356 (Ala.Crim.App.2006).
In his petition, Sharifi alleged the following with respect to this claim:
"The removal of even one juror for a discriminatory reason requires reversal and a new trial. Ex Parte Carter, 627 So.2d 1030, 1032 (Ala.1993). At Sharifi's trial, the state used 20 of 25 strikes to remove females from the jury and used 6 strikes to remove black jurors. See Supplemental Clerk's Record at 19-40 and R. 905-08.
"Intent may be proven by disparate impact where all or most of the challenges were used to strike (women) from the jury. Batson v. Kentucky, [476 U.S. 79,] 106 S.Ct. 1712, 1721 (1986) and Miller-El v. Cockrell, [537 U.S. 322,] 123 S.Ct. 1029 (2003). In Sharifi's case, the prosecutor used 20 of 25 strikes to remove women. Hence, Madison used 80% of their strikes to remove women and used 6 strikes to remove black jurors.
"In addition, a pattern in the use of peremptory strikes by a prosecutor and by his office is relevant in considering and assessing the strength of a prima facie case of discriminatory use of peremptory strikes. Ex parte Bird, 594 So.2d 676, 681 (Ala.1991), and Miller-El v. Cockrell, [537 U.S. 322,] 123 S.Ct. at 1036-37. In Bird, the Court found that Montgomery County had a history of Batson violations. Id. At the time of Bird, 4 out of 7 cases from Montgomery County had already been reversed due to Batson violations. See also Eagle v. Linahan, 279 F.3d 926 (11th Cir.2001) (counsel ineffective for failing to appeal adverse Batson ruling where State used 8 of 9 strikes to remove blacks and trial court denied based on percentage of blacks that actually served); Cochran v. Herring, 43 F.3d 1404 (11th Cir.1995) (evidence of 7 out of 14 black jurors struck along with district attorney's informal policy of striking jurors because of their race made a prime facie Batson case); Ex parte Branch, 526 So.2d 609, 623 (Ala.1987) (citing Swain [v. Alabama, 380 U.S. 202 (1965),] for consideration of state's past conduct in using strikes to remove black jurors).
"The State's strikes and the Madison County cases listed below show a pattern and practice of the State ... violating J.E.B. / Batson. See Moore v. State, 661 So.2d 770 (Ala.Cr.App.1994) ( Batson violated and then Moore received a new trial where the State again used 3 of 7 *610 strikes to remove blacks. The trial court ignored the fact that Madison had violated Batson at the first trial and held Moore failed to make a prima facie case). Moore v. State, 677 So.2d 828 (Ala.Cr.App.1996) ; Rieber v. State, 663 So.2d 985, 990-91 (Ala.Cr.App.1994) (Madison struck 4 blacks. Court found both parties violated Batson ); Gordon v. State, 587 So.2d 427 (Ala.Cr.App.1990) (struck 6 of 7 blacks and claimed white defendant lacked standing to object), on remand, 591 So.2d 149 (Ala.Cr.App.1991) ( Batson violated); Smith v. State, 756 So.2d 892, 915 (Ala.Cr.App.1997) (Madison accused of improperly striking significant number of women and blacks, but counsel failed to object so inadequate record); Baker v. State, 683 So.2d 1, 6 (Ala.Cr.App.1995) (struck sole black juror-no record so court could not analyze); Bone v. State, 706 So.2d 1291, 1298-99 (Ala.Cr.App.1997) (defendant raised Batson but failed to articulate how and why so waived); Wilson v. State, 690 So.2d 449 (Ala.Cr.App.1995) (Madison used 9 of 15 strikes to remove blacks but held insufficient prima facie case); Freeman v. State, 586 So.2d 1013 (Ala.Cr.App.1991) (struck 5 of 7 blacks; remanded, but held race neutral explanations even though some were group stereotypes); Click v. State, 695 So.2d 209, 219-20 (Ala.Cr.App.1996) (state struck 4 blacks but held race neutral); and White v. State, 587 So.2d 1218, 1222 (Ala.Cr.App.1990) (removed 2 two black jurors).
"Finally, "Evidence that 'jurors in question share(d) only this one characteristic-their membership in the group-and that in all other respects they (were) as heterogeneous as the community as a whole.' " Ex Parte Branch, 526 So.2d at 622. "For instance, 'it may be significant that the persons challenged, although all black, include both men and women and are a variety of ages, occupations, and social or economic conditions.' ... indicating that race was the deciding factor." Id. at 622.
"The women and black jurors struck by the State shared only the one characteristic of their membership in the gender or racial group; in all other respects they were as heterogeneous as the community as a whole. They were a variety of ages, occupations, social and economic conditions.
"Jurors 220 and 122 had high school educations, while jurors 159 and 172 had masters degrees. (C. Supp. 459, 283, 327, 371). Juror 101 was an independent, juror 237 was a Democrat, and Juror 248 was a Republican. (C. Supp. 226, 523, 578). Juror 213 was a Missionary Baptist, juror 172 a Methodist, juror 93 a Catholic and juror 241 unaffiliated. (C. Supp. 446, 369, 215, 534). Juror 58 worked for NASA, juror 211 was a nurse, jurors 241 and 247 were students, juror 180 was an electrical engineer and juror 93 was a housewife. (C. Supp. 114, 434, 533, 555, 390, 214).
"Hence, a prima facie case of gender and racial discrimination against the State exists. However, trial counsel provided ineffective assistance of counsel by failing to object and preserve the record on this issue. Therefore, Sharifi is entitled to a hearing on his prima facie case of gender and racial discrimination."
(C. 53-56.)
This claim was not pleaded with sufficient specificity to satisfy the requirements in Rule 32.3, Ala. R. Crim. P., and Rule 32.6(b), Ala. R. Crim. P. Sharifi alleged that the State used 20 of its 25 strikes against women and 6 of its 25 strikes against blacks, but he failed to allege the composition of the venire or the petit jury. See *611 Carruth v. State, 165 So.3d 627, 639 (Ala.Crim.App.2014) ("To be sufficiently specific, a petition, at a minimum, should indicate the ultimate composition of the petit jury. Although Carruth did allege a number of facts in his petition, he still fell short of the specificity requirement in Rule 32.6(b), Ala. R. Crim. P., by failing to disclose the racial composition of the jury that was ultimately selected.").
Sharifi also alleged that the Madison County District Attorney's Office has a history of racial and gender discrimination. However, only one of the cases Sharifi cited involved gender discrimination, and there was no finding in that case that any gender discrimination actually occurred. The remaining cases cited by Sharifi involved racial discrimination but they are attenuated, having occurred a decade before Sharifi's trial. See McCray v. State, 88 So.3d 1, 24 (Ala.Crim.App.2010) (noting that, when the history of discrimination is attenuated, "this factor, based on the passage of time, does not establish a prima facie case of ... discrimination").
Sharifi further alleged that the struck jurors shared only the characteristics of gender and/or race, but instead of pleading specific facts to support this assertion, Sharifi simply listed a single characteristic that differed for various jurors that were struck, without even identifying which of those jurors were women and which were African-Americans. Sharifi alleged that jurors no. 220, 122, 159, and 172 had differing education levels; that jurors no. 101, 237, and 248 had differing political views; that jurors no. 213, 172, 93, and 241 had different religious affiliations; and that jurors no. 58, 211, 241, 247, 180, and 93 had differing occupations.
"However, there is almost always going to be some variance among prospective jurors who are struck; therefore, this alone does not establish heterogeneity of the struck veniremembers so as to support an inference of discrimination. The question, as noted in both Ex parte Branch[, 526 So.2d 609 (Ala.1987),] and Ex parte Trawick, [698 So.2d 162 (Ala.1997),] is whether the struck jurors shared only the characteristic at issue."
McCray, 88 So.3d at 20. Sharifi's limited factual pleadings in this regard simply do not indicate that the struck jurors shared only the characteristic of gender and/or race.
Sharifi failed to plead sufficient facts indicating that the State violated either Batson or J.E.B. when exercising its peremptory strikes and, thus, failed to plead sufficient facts indicating that his trial counsel were ineffective for not raising a Batson and/or J.E.B. objection at trial. Therefore, summary dismissal of this claim in Sharifi's petition was proper.
III.
Sharifi also contends on appeal that he is actually innocent of the crime. However, Sharifi did not raise an actual-innocence claim in his petition or amendments. "The general rules of preservation apply to Rule 32 proceedings." Boyd v. State, 913 So.2d 1113, 1123 (Ala.Crim.App.2003). A Rule 32 petitioner cannot raise on appeal a postconviction claim that was not included in his or her petition or amendments. See Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."). Therefore, this claim was not properly preserved for review and will not be considered by this Court.
IV.
Sharifi next reasserts on appeal the claim from his petition that he was denied his right to confront and to cross-examine his accusers when, he said, the *612 autopsy reports on the victims were admitted into evidence without the testimony of the medical examiner who had performed the autopsies. This claim, however, was raised by Sharifi on direct appeal from his conviction and sentence and was decided adversely to him by this Court. See Sharifi, 993 So.2d at 928-32. Therefore, this claim is, as found by the circuit court, precluded by Rule 32.2(a)(4), Ala. R. Crim. P., because it was raised and addressed on appeal, and summary dismissal of this claim was proper.
V.
Sharifi also contends on appeal that his trial counsel were ineffective for not objecting at trial to the State's allegedly violating Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose: evidence relating to DNA testing,[2] a photograph regarding ballistics testing, the names of other suspects, and a receipt for the purchase of ammunition.
In his petition, Sharifi raised the substantive claim that the State violated Brady by allegedly not disclosing the above evidence. However, he did not allege that his trial counsel was ineffective for not raising this particular Brady claim at trial. A substantive claim that the State violated Brady is different than a claim that trial counsel was ineffective for not raising a Brady claim at trial. In its order, the circuit court found that Sharifi's substantive Brady claim was precluded by Rules 32.2(a)(3) and (a)(5), Ala. R. Crim. P., because it could have been, but was not, raised and addressed at trial and on appeal. In his brief on appeal, Sharifi does not dispute the circuit court's finding. Rather, Sharifi argues that because his substantive Brady claim was precluded, his trial counsel were ineffective for not having raised it at trial. However, because Sharifi did not raise this specific claim of ineffective assistance of counsel in his petition or amendments, this claim was not properly preserved for review and will not be considered by this Court. See Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").
VI.
Finally, Sharifi contends that he was denied due process and access to the courts during the Rule 32 proceedings. As best we can discern, Sharifi argues that the circuit court was required to accept the allegations in his petition as true and to afford him relief because the State did not *613 file its answer and motion to dismiss within 30 days of the filing of his original petition. Sharifi also appears to argue that, once the State filed its allegedly untimely answer and motion to dismiss and pleaded grounds of preclusion, the circuit court was required to hold a hearing on the State's answer and motion to dismiss to allow him to present evidence and argument to disprove the preclusions asserted by the State. Sharifi maintains that because the circuit court did not hold a hearing on the State's answer and motion to dismiss, he "was not given ample notice to formulate arguments and to present evidence to disprove the existence of any ground of preclusion." (Sharifi's brief, p. 25.)
Neither of these arguments was presented to the circuit court by written objection, in Sharifi's reply to the State's answer and motion to dismiss, or in a timely postjudgment motion. See Loggins v. State, 910 So.2d 146, 149 (Ala.Crim.App.2005) (recognizing a motion to reconsider as a valid postjudgment motion in the Rule 32 context). As noted previously in this opinion, "[t]he general rules of preservation apply to Rule 32 proceedings." Boyd v. State, 913 So.2d 1113, 1123 (Ala.Crim.App.2003). Because Sharifi did not present either of these issues to the circuit court, they were not properly preserved for review and will not considered by this Court.
VII.
Based on the foregoing, the judgment of the circuit court summarily dismissing Sharifi's Rule 32 petition is affirmed.
AFFIRMED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.

Appellate counsel stated in the petition that preparing the petition on Sharifi's behalf was "his last action on behalf of Mr. Sharifi," after which he was "terminating his relationship with Mr. Sharifi." (C. 142.)

In the November 2012 amendment to his petition, Sharifi alleged that the State had failed to disclose the following evidence related to the DNA testing that was performed: (1) copies of autorads, with the opportunity to examine the originals; (2) copies of laboratory books; (3) copies of quality-control tests run on material utilized; (4) copies of reports by the testing laboratory issued to the proponent; (5) a written report by the testing laboratory setting forth the method used to declare a match or non-match, with actual size measurements, and mean or average size measurement, if applicable, together with standard deviation used; (6) a statement setting forth observed contaminants, the reasons therefor, and tests performed to determine the origin and the effects thereof; (7) if the sample is degraded, a statement setting forth the tests performed and the results thereof; (8) a statement setting forth any other observed effects or laboratory errors, the reasons therefor and the effects thereof; (9) chain of custody documents; (10) a statement by the testing lab, setting forth the method used to calculate the allele frequency in the relevant population; (11) a copy of the data pool for each locus examined; and (12) a certification by the testing lab that the same rule used to declare a match was used to determine the allele frequency in the population. See Turner v. State, 746 So.2d 355, 361 n. 8 (Ala.1998).