PATTERSON, Judge.
The appellant, Jack Hinton, was convicted of the unlawful distribution of a controlled substance and was sentenced to 12 years’ imprisonment, 5 years of which were enhancement pursuant to § 13A-12-250, Ala. Code 1975, because the sale occurred within three miles of a school and 5 years of which were enhancement pursuant to § 13A-12-270, because the sale occurred within three miles of a public housing project.
I.
Hinton contends that the prosecution sought enhancement of his sentence under §§ 13A-12-250 and -270 because he had exercised his right to a jury trial. He explains that the prosecution had not sought enhancement on another distribution conviction, for which he had pleaded guilty five months before the conviction in this case. He argues that, in the first prosecution, he indicated early in the proceedings his intent to plead guilty, and the state did not seek enhancement, but that, because he refused to plead guilty in the second prosecution, the state gave notice of its intent to request enhancement. We note that this notice was filed one day before trial.
The merit of Hinton’s argument rests on the nature of that first offense: if that first offense was not a sale, then his sentence could not have been enhanced under §§ 13A-12-250 and -270. See Ex parte Mutrie, 658 So.2d 347 (Ala.1993).
*818 Hinton’s appellate counsel, who was also his trial counsel, asserts in her brief to this court that “[i]n the instant case, the criminal actions of [Hinton] were identical to those in his prior case.” Yet she argued differently to the trial court. On cross-examination of Hinton’s father, who testified to Hinton’s reputation for truth and veracity, the following occurred:
“Q. ■ Do you understand that [Hinton] has plead[ed] guilty to selling cocaine before?
“A No.
“MRS. BLUME [defense counsel]: We object, Your Honor. The conviction wasn’t for sale, and there’s a different [sic].”
(Emphasis added.)
Hinton’s references in his testimony to the conduct underlying his prior conviction also indicate that that prior offense was not a sale. Under direct examination, Hinton stated that he does not and did not sell drugs. In explaining that he had pleaded guilty to the prior offense because he hád in fact done what he was accused of doing, he testified, “I said that I made a mistake by showing— taking somebody where some cocaine was, and they gave me the money and I went in and bought them one.” He further explained, “But they’re still going to say that I sold it when I went in and got them one, because they asked me to.” On cross-examination, after Hinton admitted that on May 10, 1994, he had pleaded guilty to the distribution of cocaine for which he received a two-year sentence, the following occurred:
“Q. Now, Mr. Hinton, you mentioned that in that ... prior case, you went in and somebody gave you some money and you went in and got cocaine for them and brought it out, right?
“A. I didn’t say it like that. The dude come to my house and asked me, and I got in the car with him, whoever he was. He was with one of my friends.... And he got me in the car and took me with him. I wasn’t looking for anybody. He was looking for me, I guess.
“Q. But your testimony was that you haven’t sold any cocaine, but yet you do have a prior conviction of distribution of cocaine, correct?
“A. That’s right. I’m saying I don’t sell it. I just know people that do handle it.
[[Image here]]
“A I ... didn’t sell no drugs then.”
On redirect examination, the following occurred:
“Q. |Y]ou stated that someone came and picked you up and asked you if you knew where they were selling drugs?
“A. Yes, ma’am.
“Q. And you said, “Yes.’ And it was a friend of yours?
“A. Yes, ma’am.
“Q. And you took him there?
“A Right.
“Q. Did you benefit from that transaction?
“A. No, ma’am.
“Q. Nobody paid you anything?
“A. No, ma’am.”
On recross-examination, Hinton again stated that he had merely shown someone where to buy cocaine.
From this testimony and from defense counsel’s emphatic objection to the use of the term “sale” to describe the earlier conviction, apparently Hinton’s first offense was not a sale, but a delivery or furnishing. As such, his sentence for that offense could not have been enhanced under §§ 13A-12-250 or -270. The Alabama Supreme Court explained in Ex parte Mutrie, 658 So.2d at 350, as follows:
“In Hill v. State, 348 So.2d 848, 855 (Ala.Cr.App.), cert. denied, 348 So.2d 857 (Ala.1977), the Court of Criminal Appeals held that a defendant cannot be convicted of ‘selling’ marijuana ‘if his conduct, according to the undisputed evidence, does not afford a reasonable inference that he participated with the seller in making the sale.’ The fact that the defendant acted as the buyer’s agent is not a defense to an indictment under § 13A-12-211 charging the defendant with unlawfully selling, furnishing, giving away, manufacturing, delivering, or distributing a controlled substance. Although the defendant who acts as a procuring agent may not be liable for *819 a ‘sale,’ such conduct clearly would support a finding that the defendant violated § 13A-12-211, prohibiting the distribution of a controlled substance, which includes delivering and furnishing. See Harrington v. State, 515 So.2d 53, 54 (Ala.Cr.App.1986) (holding that defendant, who had acted as buyer’s agent, had unlawfully ‘furnished’ a controlled substance). Because prior case-law has established that a defendant who acts as the buyer’s agent (also known as a ‘procuring agent’) is not guilty of unlawfully ‘selling’ a controlled substance, and because the clear language of §§ 13A-12-250 and -270 applies only to convictions for unlawful ‘sale,’ a conviction for unlawful distribution is enhanceable only if the defendant’s activity constituted a sale, and not if the defendant acted as the agent of the buyer.”
“Therefore, we hold that §§ 13A-12-250 and -270, prescribing a five-year enhancement of sentences for persons convicted of an unlawful sale of a controlled substance within three miles of a school and within three miles of a housing project, do not apply to convictions for ‘distribution’ of a controlled substance, in violation of § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance.”
Based on the evidence of the nature of the first offense, we find no merit in Hinton’s contention that his sentence for his second offense was enhanced simply because he had chosen to exercise his right to a trial by jury. Hinton’s sentence for his first offense could not have been enhanced because, according to the record before us, Hinton acted as an agent for the buyer. Enhancement of his sentence for the present offense was mandatory because in that offense he was the seller. See Pierson v. State, [Ms. CR-93-0953, December 29, 1994] - So.2d -[1994 WL 717044] (Ala.Cr.App.1994).
II.
The attorney general points out that the trial court did not impose a fine pursuant to § 13A-12-281, the Demand Reduction Assessment Act. He asks that this case be remanded for compliance with that act. We so order. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS 
All Judges concur.