COBB, Judge.
The appellant, Willie Howell, was convicted of unlawful possession of cocaine, a controlled substance, a violation of Ala.Code 1975, § 13A-12-212. The appellant was sentenced to five years in the penitentiary.
The appellant contends that the chain of custody for the cocaine was not proven. However, the record reflects that in accordance with Ex parte Holton, 590 So.2d 918, 919-20 (Ala.1991), a valid chain of custody was proven. As required by Holton, each link in the chain of custody testified regarding the receipt, the handling, and the disposition of the cocaine. Officer Robert L. Pick-ens testified that he discovered the cocaine in the appellant’s automobile, sealed it in an evidence bag, and delivered it to police evidence technician, Marty Hoven. Hoven testified that he locked the bag in the evidence room at the Demopolis Police Department until he delivered the sealed bag to Melinda Long at the Department of Forensic Sciences laboratory in Tuscaloosa. She testified that the bag was under her care and control while at the laboratory and that it was locked in an evidence locker while at the laboratory. Long said that she tested the contents of the bag and determined it to be cocaine. She testified that she resealed the bag with red tape after performing the test. Hoven testified that he retrieved the sealed bag from Long and delivered it to court. We find no error with the trial court’s admission of the seized cocaine over an objection based on chain of custody grounds.
However, we must remand this case in order for the trial court to impose a fine in accordance with the mandatory provisions of Ala.Code 1975, § 13A-12-281, The Demand Reduction Assessment Act. We remand this case to the trial court for the express purpose of imposing a fine in accordance with § 13A-12-281. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court. Otherwise, no error has been raised on direct appeal.
REMANDED WITH DIRECTIONS. 
All the Judges concur.