PATTERSON, Judge.
Sam Ford appeals his conviction for the unlawful sale of cocaine, and his subsequent *1259 sentence to 15 years’ imprisonment; his sentence was split and he was ordered to serve three years’ imprisonment. Ford raises two issues on appeal, and the state has requested this court to remand the case for imposition of an additional penalty.
I.
Ford contends that the trial court erroneously denied his requested jury charge number seven. Ford raised no objection to the trial court’s refusal to give this jury instruction, and he failed to object to the trial court’s jury instructions before the jury retired. See Rule 21.2, AR.Crim.P., and Reynolds v. State, 607 So.2d 384 (Ala.Crim.App.1992). Therefore, this issue is not preserved for appellate review.
II.
Ford contends that the trial court erred when the jury informed the trial court that it was deadlocked. The record shows that during the course of its deliberations, the jury sent word to the trial court, through the bailiff, stating that it could not reach a unanimous decision. The trial court “sent word back to them to keep on deliberating,” but gave no further instructions to the jury. On appeal, Ford contends that, upon learning that the jury was at an impasse, the trial court should have ordered the jury into the courtroom and addressed the jury personally, and that this should have been done in the presence of Ford and his attorney. No objection was made to the trial court’s actions regarding this situation when it occurred, and this issue has not been presented to the trial court in any way. Therefore, this issue is not preserved for appellate review. Pate v. State, 601 So.2d 210 (Ala.Cr.App.1992).
III.
In accordance with Pierson v. State, 677 So.2d 246 (Ala.1995), we must grant the state’s motion to remand this case to the trial court for the assessment of a penalty pursuant to § 13A-12-281, et seq., Code of Alabama 1975. In Pierson, the Alabama Supreme Court held that § 13A-12-281, et seq., known as the “Demand Reduction Assessment Act,” is mandatory and that the trial court’s failure to apply it requires a remand.
In consideration of the foregoing, Ford’s conviction is affirmed and the case is remanded to the trial court for assessment of a penalty. Due return shall be made to this court within 40 days of the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS. 
All Judges concur.