McMILLAN, Judge.
The appellant, Broderick Keith Burks, was convicted of the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to two years, and that sentence was suspended, and he was placed on one year’s probation. His sentence was enhanced by the addition of five years pursuant to § 13A-12-250, Code of Alabama 1975, and five years pursuant to § 13A-12-270, Code of Alabama 1975.
I
The appellant argues that the State’s evidence was insufficient to support his conviction because, he says, it was conflicting or confusing. Although in his brief to this court he cites caselaw, the appellant made no further argument on this ground. This argument appears to address the weight of the evidence, rather than the sufficiency. However, the State presented evidence, in the form of testimony, of two undercover officers, one of whom purchased a $20 piece of crack cocaine from the appellant while the other watched from an unmarked vehicle. Both witnesses testified to the transaction and identified the appellant as the person from whom the officer purchased the crack. The State also presented the testimony of an officer who served as backup for the undercover officers and who arrested the appellant and discovered the marked $20 bill on his person. The State also presented the testimony of a forensics expert who testified that the rock purchased from the appellant was cocaine base, or crack cocaine.
Thus, the State presented sufficient evidence to prove that the appellant committed the crime of unlawful distribution of crack cocaine by selling it to the undercover officer. § 13A-12-211, Code of Alabama 1975. Any discrepancies in the testimony were matters of weight to be considered and determined by the trier of fact. Bland v. State, 601 So.2d 521, 524 (Ala.Cr.App.1992); Smith v. State, 583 So.2d 990 (Ala.Cr.App.), writ denied, 583 So.2d 993 (Ala.1991).
II
The State argues that this cause should be remanded to the trial court for an additional penalty to be imposed, pursuant to the Demand Reduction Assessment Act. This act, codified at § 13A-12-281, Code of Alabama 1975, provides a mandatory fine on a defendant convicted of the distribution of a controlled substance. Pierson v. State, 677 So.2d 246 (Ala.1995). See also Fletcher v. State, 675 So.2d 55 (Ala.Cr.App.1995), cert. denied, 675 So.2d 58 (Ala.1996). Therefore, this cause must be remanded to the trial court in order for the proper penalty to be assessed pursuant to § 13A-12-281(a), Code of Alabama 1975. Due return should be filed with this court within 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All judges concur.