BROWN, Judge.
The appellant, Derrick Leonard Prince, was convicted of trafficking in cannabis, a violation of § 13A-12-231(l)a., Code of Alabama 1975, and was sentenced as a habitual offender with two prior felony convictions to 40 years’ imprisonment. He was also ordered to pay a $20,000 fine, to pay $50 to the crime victims compensation fund, to pay an attorney fee, and to pay court costs.
On appeal, the appellant’s counsel filed a motion to withdraw and a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel states that there are no meritorious issues that warrant appellate review. Counsel provided the appellant with a copy of the brief. This Court issued an Anders order on October 21, 1998, giving the appellant until November 18, 1998, to file a brief containing any additional issues that he wished reviewed on appeal. The appellant did not file any issues for consideration. We agree that there are no issues warranting review on appeal. Therefore, we affirm the appellant’s conviction for trafficking in cannabis.
Our examination of the record reveals several errors that occurred during sentencing. The trial court correctly noted that trafficking in cannabis is a Class A felony under § 13A-12-231(12), Code of Alabama 1975. The court also noted that the appellant was due to be sentenced under the Habitual Felony Offender Act because he had two prior felony convictions. Under § 13A-5-9(b)(3), Code of Alabama 1975, the appellant was subject to a mandatory sentence of imprisonment for life or for a term of not less than 99 years, rather than the 40-year sentence imposed by the trial court. Therefore, this cause is due to be remanded for the correction of the appellant’s sentence. See Tamez v. State, 697 So.2d 495 (Ala.Cr.App.1996).
We also note that § 13A-12-231(l)a., Code of Alabama 1975, mandates a $25,000 fine, rather than the $20,000 fine imposed by the trial court. Moreover, the Demand Reduction Assessment Act, § 13A-12-281(a), Code of Alabama 1975, mandates an additional fine of $1,000 for first offenders and $2,000 for second and subsequent offenders for each conviction under § 13A-12-231, Code of Alabama 1975. Therefore, this cause is due to be remanded for the correction of the appellant’s fines. See Baker v. State, 736 So.2d 1133 (Ala.Cr.App.1998). The trial court shall take all necessary action to see that the circuit clerk makes due return to this *1146 court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court and a copy of the corrected record.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS FOR CORRECTION OF SENTENCE. 
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.