COBB, Judge.
Floyd Smith was convicted of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. Smith was sentenced as a habitual offender to life imprisonment plus 10 years; the trial court imposed a $500 fine. Smith argues that the State failed, to prove a prima facie case because no evidence was introduced indicating that cocaine is a controlled substance and the trial court did not take judicial notice or inform the jury that cocaine is a controlled substance. We disagree.
During the trial, defense counsel entered defendant’s Exhibit 1, a certificate of analysis, into evidence. (R. 51.) The certificate explicitly states that “[ljaborato-ry analyses] of the compressed material *186 revealed the presence of cocaine base. Cocaine base is a Schedule II controlled substance.” (C. 43.) Therefore, the State presented sufficient evidence that cocaine is a controlled substance. Moreover, the fact that the State failed to provide testimony that cocaine is a controlled substance is irrelevant. “ ‘This court has held repeatedly that a trial court can take judicial notice of whether a substance is designated as a controlled substance and can so instruct the jury.’ ” Burks v. State, 611 So.2d 487, 490 (Ala.Cr.App.1992).
In this case, the trial court instructed the jury that “[t]o convict in this case, the State of Alabama must prove beyond a reasonable doubt each of the following elements of unlawful distribution of controlled substance: Number one, that the defendant, Floyd Smith, did either sell, furnish, give away, manufacture, deliver or distribute; number two, a controlled substance, namely cocaine.” (R. 99.) We hold that this instruction was sufficient to indicate that the trial court took judicial notice that cocaine is a controlled substance. Moreover, the trial court properly informed the jury by stating that in order to convict Smith, the State must have presented evidence that Smith distributed the controlled substance of cocaine.
Although we are affirming Smith’s conviction, this case must be remanded to the circuit court for the assessment of additional mandatory fines. The trial court failed to impose the fine required by § 13A-12-281, Ala. Code 1975. The Demand Reduction Assessment Act authorizes, in addition to any other penalties, a penalty for each violation of § 13A-12-211, Ala.Code 1975, of $1,000 for first-time offenders and $2,000 for second-time offenders. The assessment of these fines is mandatory. See Pierson v. State, 677 So.2d 246, 247 (Ala.1995); Fletcher v. State, 675 So.2d 55, 56 (Ala.Cr.App.1995).
We remand this case to the trial court for the court to impose the proper fine in accordance with ’§ 13A-12-281, Ala.Code 1975. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
For the above-stated reasons, Smith’s conviction for unlawful distribution of a controlled substance is hereby affirmed, and this case is remanded for resentencing and the imposition of fines.
AFFIRMED AS TO CONVICTION AND SENTENCE; REMANDED FOR IMPOSITION OF FINE.*
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ. concur.

 Note from the reporter of decisions: On September 24, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 12, 1999, that court denied rehearing, without opinion. On March 17, 2000, the Supreme Court denied certiorari review, without opinion (1990364).