COBB, Judge.
Willie Glanton III pleaded guilty in the circuit court to two counts of unlawful possession of a controlled substance, violations of § 13A-12-212, Ala.Code 1975, and one count of unlawful possession of drug paraphernalia, a violation of § 13A-12-260, Ala.Code 1975. He was sentenced to four years’ imprisonment for each conviction for unlawful possession of a controlled substance, the sentences to run concurrently, and was ordered to pay a fine of $250 and $50 to the victims compensation fund for each conviction. In addition, Glanton was sentenced to hard labor in the Houston County jail for 12 months and was ordered to pay a fine of $100 and $50 to the victims compensation fund for his conviction for unlawful possession of drug paraphernalia. This sentence is to run concurrently with his other two sentences. *225 Glanton’s appellate counsel filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he asserts that he could find no error upon which to base an appeal. On March 19, 1999, this court ordered Glanton to file a list of points or issues that he contends are arguable on the merits. Glanton has not responded; therefore, his convictions and sentences are due to be affirmed.
Even though we are affirming his convictions and sentences, we must remand this cause for the imposition of additional fines. The record indicates that the trial judge failed to comply with § 13A-12-281, Ala.Code 1975, when he imposed Glanton’s sentences for his two convictions for unlawful possession of a controlled substance. Section 13A-12-281, Ala.Code 1975, mandates an additional fine of $1,000 for first offenders for each conviction under § 13A-12-212, Ala.Code 1975. See Harris v. State, 741 So.2d 1112 (Ala.Cr.App,1999); Prince v. State, 736 So.2d 1144 (Ala.Cr. App.1999). The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. If a hearing is held, the return to remand shall include a transcript of any proceedings conducted by the trial court.
AEFIRMED AS TO CONVICTIONS AND SENTENCE; REMANDED WITH DIRECTIONS TO IMPOSE FINE. 
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.