The appellant, James Davis, appeals from his guilty plea conviction for possession of a controlled substance, in violation of § 13A-12-212, Ala. Code 1975. He was sentenced to 15 years' imprisonment; that sentence was split, and he was ordered to serve three years' imprisonment and two years' probation.
The appellant's appointed appellate counsel has filed a "no- merit" brief in substantial compliance with Anders v. California,386 U.S. 738 (1967), stating that after a thorough and careful examination of the record, he can find no issue that could be deemed meritorious on appeal. Appellate counsel identifies two arguments that might possibly support an appeal: (1) that the appellant's blind guilty plea was involuntary, and (2) that the appellant was denied effective assistance of counsel. Appellate counsel further stated, however, that because the record indicates that the appellant's guilty plea was voluntary and because he received effective assistance of counsel, he could not, in good faith, argue that the trial court erred in refusing to allow the appellant to withdraw his guilty plea.
A review of the record, however, indicates that the trial court failed to impose the fine applicable under the Demand Reduction Assessment Act, § 13A-12-281(a), Ala. Code 1975. Pursuant to that Act, a mandatory fine of $1,000 must be imposed for each conviction under § 13A-12-212, Ala. Code 1975. Therefore, this cause is due to be remanded to the trial court for imposition of the mandatory fine pursuant to § 13A-12-281. Return should be made to this Court within 45 days of the release of this opinion. *Page 65 
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.