COBB, Judge.
Ligaras Monta Lewis was convicted of first-degree marijuana possession, a violation of § 13A-12-213, Ala.Code 1975. He also pleaded guilty to reckless driving, a violation of § 32-5A-190, Ala.Code 1975; failure to obey a stop sign, a violation of § 32-5A-31, Ala.Code 1975; and attempt *1242 ing to elude the police, a violation of § 32-5A-193, Ala.Code 1975. For the reckless driving conviction, Lewis was sentenced to 180 days in jail, and the fine and court costs were remitted. For the conviction for failure to obey a stop sign, he received a $50 fíne, which was remitted. For his conviction for attempting to elude a police officer, he was sentenced to six months in jail with the fine and court costs remitted. Lewis also was sentenced to seven years’ imprisonment for first-degree possession of marijuana as an habitual felony offender with one prior felony conviction, § 13A-5-9, Ala.Code 1975. The sentences were to run concurrently. In an unpublished memorandum released today, we have affirmed the appellant’s convictions. See Lewis v. State, (CR-99-1927, November 21, 2000) — So.2d - (Ala.Crim.App.2000) (table). In this opinion we address only the sentencing issues.
A conflict exists between the sentence imposed for Lewis’s attempting-to-elude conviction by the trial judge orally in court and the sentence recorded on the case action summary. Section 32-5A-193(b), Ala.Code 1975, provides for a term of “imprisonment for not less than 30 days nor more than six months, or by a fine of not less than $100.00 nor more than $500.00, or by both such fíne and imprisonment” for the attempting-to-elude conviction. The record of the trial proceedings indicates that the judge orally sentenced Lewis to serve six months for his attempting-to-elude conviction. The explanation of rights and plea of guilty form also indicate that the sentence imposed on that conviction was six months. The case action summary, however, indicates that Lewis was sentenced to 180 days for the attempting-to-elude conviction. The case action summary should be amended to reflect the correct sentence under § 32-5A-193(b), Ala.Code 1975.
The record also indicates that the trial court failed to impose other fines, costs, and penalties that are mandatory in drug cases. Section 13A-12-281, Ala.Code 1975, mandates an additional fine of $1,000 for all persons convicted for the first time of certain controlled substance offenses, and $2,000 for second and subsequent offenses. Under § 36-18-7(b), Ala.Code 1975, the trial court is also required to impose a $100 fine for drug crimes, to be deposited in the Alabama Forensic Services Trust Fund. Lewis’s driver’s license should also be suspended in accordance with § 13A-12-291.[1]
*1243 This cause is remanded to the trial court with directions that that court correct the record as to sentencing and ensure that the case action summary be amended to reflect the actual term of imprisonment imposed, and that the mandatory fines prescribed in § 13A-12-281 and § 36-18-7(b), Ala.Code 1975, are imposed. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time, and within 28 days after the release of this opinion.
AFFIRMED BY MEMORANDUM IN PART ; REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

. Pursuant to § 13A-12-290, Ala.Code 1975, the Department of Public Safety has the authority to suspend a defendant's driver’s license, not the trial court. Harris v. State, [Ms.CR-99-1439, October 27, 2000] - So.2d -, - (Ala.Crim.App.2000) (opinion on return to remand). See also Moman v. City of Leeds, 748 So.2d 226 (Ala.Crim.App.1999). However, § 13A-12-292, Ala.Code 1975, states in pertinent part:
“Upon conviction or adjudication of, or finding of delinquency based on, any of the offenses enumerated in § 13A-12 — 291, the court shall take the defendant's driver’s license and immediately forward it to the Department of Public Safety.”
(Emphasis added.)
The circuit clerks of each county should see that the Department of Public Safety receives the names of those people who have been convicted of crimes whose driver's licenses are due to be suspended because of their convictions. The record should indicate that a defendant’s driver's license has been seized and that the Department of Public Safety will be informed of the seizure by the circuit clerk. Harris, at--.
The State also asked that a $25 fee be assessed against the defendant under § 13A-12-294, Ala.Code 1975. This administrative fee is to be assessed by the Department of Public Safety rather than the trial court. The fee is to be collected by the Department of Public Safety upon application for reinstatement of a driver's license. The trial court does not have the jurisdiction to impose this penalty.