The appellant, Derrick Michael Stanberry, was found guilty of trafficking in cocaine. The trial court sentenced him as a habitual offender to life imprisonment and ordered him to pay a $25,000 fine, $50 to the Alabama Crime Victims Compensation Fund and court costs.
Evidence at trial tended to show the following: While Police Officer David Kater was on patrol during the evening of October 8, 1999, he saw two men standing beside a white automobile. One of the men was drinking beer, and Kater went over to question him. As Kater approached, the white car sped away. Kater stayed with the two men who had been standing by the car while a patrol car pursued the vehicle. Officer Rayleen Busby was in the front passenger seat of the patrol car that chased the white vehicle. She testified that she saw two heads in the fleeing car and that the passenger appeared to be in the backseat. A short time later, the white car crashed into another vehicle, and a black male in a red and blue striped shirt got out of the driver's side of the white car and started running. Busby said that the driver's door was open and the passenger door on the driver's side was closed when she began her pursuit of the fleeing man. She was directed by a witness to look under a nearby house, where she found the appellant lying on the ground, holding money in *Page 934 
one hand and a plastic bag containing off-white objects in the other. Busby said that the appellant yelled to her, "I was not driving the car that hit that lady." She removed the appellant from under the house, handcuffed him, and took him to her patrol car. Busby then discovered that the appellant did not have the plastic bag, so she returned to the house to retrieve it. She removed a bag of what appeared to be rocks of crack cocaine from under the house, along with a few additional rocks that also were on the ground. The rocks were later determined to be rock cocaine, weighing a total of 13.115 grams. Busby stated that a second man, Herbert Lee Thompson, subsequently returned to the scene of the accident and was also placed under arrest. An inventory search of the white car revealed an orange "floater" container between the front passenger seat and the front passenger door frame. The officer who conducted the search testified that he found the container lying between the seat and the door frame, rather than tucked underneath the seat. Inside the container, the officer found more off-white rocks, which were later determined to be rock cocaine weighing 20.685 grams. The appellant's girlfriend, Lisa Thomas, testified for the defense that the appellant was at her home with two men, C-Ray and Herbert Thompson, just before the time of the chase. She said that when the three men left her house, the appellant was riding in the backseat of the white car. She testified during redirect examination that the white car belonged to the appellant.
 I.
The appellant contends that the trial court erred in denying his motions for a directed verdict and for a new trial because, he says, the State's evidence was insufficient to prove trafficking in cocaine. He argues that there was no proof that he possessed more than 28 grams of cocaine because the cocaine found in his actual possession weighed only 13.115 grams and because, he says, the State failed to prove his constructive possession of the 20.685 grams of cocaine found in the car. Specifically, he argues that there was no evidence that he had knowledge or control of the cocaine found in the car because, he says, the driver could not have seen the cocaine and there was no evidence in the State's case-in-chief that the appellant was the owner of the vehicle.
In reviewing the denial of a motion for judgment of acquittal, this court must determine whether any evidence presented to the trial court before the motion was made tended to point to the defendant's guilt.Sartin v. State, 601 So.2d 1142 (Ala.Crim.App. 1992). In reviewing the denial of a motion for new trial, we will not disturb the trial court's discretion to assess the credibility of the evidence unless we find an abuse of discretion. Perry v. State, 455 So.2d 999 (Ala.Crim.App. 1984).
In order to establish constructive possession, the State must prove the following: (1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control. Ex parte Fitkin, 781 So.2d 182 (Ala. 2000). InSims v. State, 733 So.2d 926 (Ala.Crim.App. 1998), this court set out several circumstances that could connect a defendant with contraband and establish constructive possession. Those circumstances include evidence that the defendant had substantial control over the particular place where the contraband was found; the defendant's admissions, including conduct that demonstrated a consciousness of guilt; and evidence that debris of the contraband was found on the defendant's person. *Page 935 
Here, the State offered evidence that the appellant was the driver of the car in which the cocaine was found, that he fled from the police twice when there was a possibility that the cocaine could be discovered, and that he had similar contraband on his person when he was apprehended. There was no evidence at trial to support the appellant's claim that the container of cocaine could not have been seen by the driver. Because the State offered substantial evidence that the appellant was in constructive possession of the cocaine found in the car, the trial court properly denied the appellant's motions for judgment of acquittal. In addition, because the appellant failed to show that the court had abused its discretion by finding the State's evidence credible, the appellant's motion for a new trial also was properly denied.
 II.
The appellant also contends that the trial court erred in denying his motion for a new trial because, he says, he offered new evidence that a witness had lied as to a material fact in the case. He argues that Lisa Thomas stated in an affidavit that she lied when she testified at trial that the white car belonged to the appellant. He further argues that his trial counsel testified at the hearing on the motion that Thomas had told him in interviews that she did not know who owned the car.
In order to grant a motion for a new trial on an allegation of perjured testimony, the trial court must be reasonably satisfied as to the following: (1) that testimony by a witness at trial was false; (2) that there is a significant chance that, had the jury heard the truth, it would have reached a different result; (3) that the evidence tending to prove perjury has been discovered since trial; and (4) that the evidence could not have been discovered before or during trial with due diligence. The court's ruling on a motion for a new trial will be upheld unless it is clearly erroneous. Ex parte Frazier, 562 So.2d 560 (Ala. 1989).
Here, with regard to the first factor, the trial court had ample reason not to believe the affidavit given by the witness. Lisa Thomas's relationship with the appellant was tumultuous, and at various times during that relationship she gave three different statements concerning ownership of the white car. As to the second factor, the new testimony was extremely unlikely to change the outcome of the trial because Thomas testified at trial, to the appellant's advantage, that the appellant could not drive at the time of the offense because he had broken his leg. With regard to the final two factors, although the affidavit was not executed until after the trial, the appellant and his counsel both were aware at the time of trial that the appellant was not the owner of the white car. Based upon all four factors, the trial court's denial of the appellant's motion for a new trial was not clearly erroneous.
 III.
The appellant next contends that the trial court erred in denying his motion for new trial because, he says, his trial counsel was ineffective. Specifically, he argues the following: (1) that his counsel failed to inform the court that a juror was sleeping so that corrective measures could be taken; (2) that his counsel failed to subpoena a witness who could testify that a man named C-Ray owned the car in which the cocaine was found; and (3) that although he told his counsel that he wanted to testify in spite of his prior convictions, counsel failed to call him as a witness. The appellant also argues that, because the trial court did not issue written findings of fact on his motion for a new *Page 936 
trial, it is impossible for this court to consider whether the court's ruling was erroneous.
It is clear from an examination of the record that the trial court's denial was proper. In order to prevail on a claim of ineffective assistance of counsel, a claimant must show that the performance of his counsel was deficient and that the deficiency probably prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 874 (1984). Here, the appellant's counsel testified that he looked for, but was unable to see any juror sleeping. The prosecutor and the trial judge, who participated in the appellant's trial, also stated that they had seen no sleeping juror.
With regard to the unsubpoenaed witness, counsel testified that he had interviewed C-Ray, the desired witness, before trial and that C-Ray told him that the appellant had been driving the car and that the cocaine belonged to the appellant. Counsel testified that he informed the appellant of C-Ray's statement and that he did not call C-Ray to testify because, in his judgment, the testimony would have resulted in a conviction.
With regard to the appellant's claim that he wanted to testify at trial, counsel said that, although he believed that the appellant would be a poor witness, he certainly would have called him as a witness if the appellant had told him that he wanted to testify. The appellant failed to show either that his counsel's performance was deficient or that the alleged deficiency prejudiced the defense with regard to all of his claims. Because the appellant did not satisfy either of the Stricklandv. Washington prongs, the trial court's denial of his motion for a new trial was proper.
 IV.
As a part of its sentence, the trial court ordered the appellant to pay a fine of $25,000. However, under § 13A-12-231(2)(a), Ala. Code 1975, the mandatory fine for trafficking in 28 or more grams, but less than 500 grams, of cocaine is $50,000. In addition, it appears from the record that the penalties prescribed under the Demand Reduction Assessment Act, § 13A-12-280, Ala. Code 1975, were not included in the appellant's sentence. Therefore, this cause must be remanded to the trial court for imposition of the applicable fines. A return should be filed with this court within 35 days after the release of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.