McMILLAN, Presiding Judge.
The appellant, Dedrick Freeman, was found guilty of unlawful distribution of a controlled substance. The trial court sentenced him to three years’ imprisonment, suspended the sentence, and imposed two additional five-year sentence enhancements because the offense occurred within three miles of a school and a public housing project. See §§ 13A-12-250 and -270, Ala.Code.1975. The court also ordered the *682 appellant to pay court costs, attorney’s fees, a victim’s compensation assessment, and a $2,000 penalty under the Demand Reduction Assessment Act.
The appellant’s appointed counsel has filed an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), brief, in which he states that there are no meritorious issues that can be raised on behalf of the appellant. The appellant has filed no points or issues for this court to consider, and a review of the record reveals no issue that warrants a review of the appellant’s conviction. However, it appears that an error may have occurred during the appellant’s sentencing.
The Demand Reduction Assessment Act, § 13A-12-281(a), prescribes a $1,000 penalty for first offenders and a $2,000 penalty for second and subsequent offenders. At the appellant’s sentencing hearing, the prosecutor informed the trial court that the fine “should be two thousand dollars rather than one because of the prior POM II [sic].” The Demand Reduction Act applies to § 13A-12-213, Ala.Code.1975, possession of marijuana in the first degree, but it does not apply to § 13A-12-214, possession of marijuana in the second degree.
Due to the apparent inconsistency between the appellant’s prior offense and the penalty imposed by the trial court, we must remand this cause for clarification and, if necessary, for a correction of the penalty. A return should be filed with this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
BASCHAB and WISE, JJ., concur. SHAW, J, concurs in part and dissents in part, with opinion, and COBB, J., joins.