WELCH, Judge.
Peter J. Holloway appeals from his conviction for trafficking in cocaine, a violation of § 13A-12-231, Ala.Code 1975. He was sentenced as a habitual offender to life imprisonment. He was ordered to pay a $50,000 fine, $2,000 pursuant to the Drug Demand Reduction Assessment Act, $500 to the victims compensation commission, and a $100 forensic science fee.
Holloway’s appointed appellate counsel has filed a “no merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he discusses two trial court rulings adverse to Holloway. He concludes, however, that these adverse rulings presented no error. This Court issued an Anders order on October 23, 2007, giving Holloway an opportunity to present pro se issues to his counsel and to this Court, but he failed to do so by the specified date. We have reviewed the record in this case and have found no error warranting a reversal of Holloway’s conviction. Therefore, Holloway’s conviction is due to be affirmed.
However, the trial court imposed a $2,000 Demand Reduction Assessment Act fine. Section § 13A-12-281(a), Ala. Code 1975, provides:
“In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, or any other statute in- *182 dieating the dispositions that can be ordered for such a conviction, every person convicted of a violation of any offense defined in the sections set forth above, shall be assessed for each offense an additional penalty fixed at one thousand dollars ($1,000) for a first offense and two thousand dollars ($2,000) for a second or subsequent offense.”
(Emphasis added.)
“ ‘ “ ‘[I]t is well established that criminal statutes should not be “extended by construction.” ’ ” Ex parte Mutrie, 658 So.2d 347, 349 (Ala.1993) (quoting Ex parte Evers, 434 So.2d 813, 817 (Ala.1983), quoting in turn Locklear v. State, 50 Ala.App. 679, 282 So.2d 116 (1973)).
“ ‘ “A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
“ ‘ “Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).” ’ ”
Cockrell v. State, 890 So.2d 174, 180-81 (Ala.2004)(quoting Ex parte Bertram, 884 So.2d 889, 891 (Ala.2003), superseded by statute as stated in Hankins v. State, 989 So.2d 610 (Ala.Crim.App.2007)).[1]
The record shows that Holloway had more than three prior convictions in the State of Ohio for trafficking. As Judge Baschab wrote in her special writing in Williams v. State, 941 So.2d 342, 343 (Ala.Crim.App.2006) (Baschab, J., concurring in part and dissenting in part):
“[T]he plain language of § 13A-12-281(a), Ala.Code 1975, indicates that the $2,000 penalty applies only if the previous conviction or convictions were for violations of the sections specifically enumerated in that statute. Compare Ex parte Bertram, 884 So.2d 889 (Ala.2003)(holding that, based on the plain language of § 32-5A-191, Ala.Code 1975, a prior out-of-state conviction for driving under the influence cannot be used to enhance a defendant’s sentence ... for driving under the influence pursuant to § 32-5A-191, Ala.Code 1975).”
Holloway’s Ohio convictions are not enumerated in § 13A-12-281(a), Ala.Code 1975. Therefore, the $2,000 fine the trial court imposed exceeds the $1,000 fine mandated by § 13A-12-281, Ala.Code 1975, for the first offense. Accordingly, this case is hereby remanded for the trial court to set aside the $2,000 Demand Reduction Assessment Act fine, as required by § 13A-12-281(a), Ala.Code 1975. Due return should be filed in this Court within 14 days from the date of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCING. 
BASCHAB, P.J., and McMILLAN, J., concur.
SHAW, J., concurs in part and dissents in part, with opinion, joined by WISE, J.

. We note that the Alabama Legislature responded to the construction given a driving-under-the influence statute in Bertram by amending the statute. See Hankins, 989 So.2d at 614.