WELCH, Presiding Judge.
 

 The appellant, Kevan Mathews, was convicted of first-degree unlawful manufacture of a controlled substance, a violation of § 13A-12-218, Ala.Code 1975, second-degree possession of marijuana, a violation of § 13A-12-214, Ala.Code 1975, and unlawful possession of drug paraphernalia, a violation of § 13A-12-260(c), Ala.Code 1975. For his conviction for the manufacture of a controlled substance, the trial court sentenced Mathews to 20 years’ imprisonment and ordered Mathews to pay a $500 fine, a $500 victims’ compensation assessment, a $1,000 drug demand reduction assessment, a $100 forensic fee, and courts costs and attorney’s fees. For his possession-of-marijuana conviction and his possession-of-drug-paraphernalia conviction, the trial court sentenced Mathews to
 
 *479
 
 one year in jail and ordered him to pay a $25 victims’ compensation assessment, a $100 forensic fee, and courts costs. The trial court ordered that these sentences run concurrently with his 20-year sentence.
 

 Mathews’s appointed counsel has filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he states that, after viewing the entire record, he has found no meritorious issues to present on appeal. Mathews has filed no points or issues himself for this Court to consider. We have reviewed the record and can find no issue with regard to Mathews’s convictions that warrants review on appeal. However, we must remand this case for the trial court to set aside that part of its order imposing a $1,000 fine pursuant to the Drug Demand Reduction Assessment Act, § 13A-12-281(a), Ala.Code 1975, which provides:
 

 “In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, and 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the sections set forth above, shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders.”
 

 As this Court stated in
 
 O’Callaghan v. State,
 
 945 So.2d 467, 479 (Ala.Crim.App.2006): “This section does not authorize an additional penalty for persons convicted of violating § 13A-12-218, as [the appellant] was.”
 

 Therefore, although we affirm Mathews’s convictions, this cause is due to be and is hereby remanded for the trial court to set aside its imposition of the $1,000 fine pursuant to § 13A-12-281, Ala.Code 1975. Due return shall be filed with this Court within 21 days of the date of the opinion.
 

 AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING .
 

 WINDOM, KELLUM, BURKE, and JOINER, JJ., concur.