KELLUM, Judge,
dissenting.
I cannot agree to overrule Siercks v. State, 154 So.3d 1085 (Ala.Crim.App.2013), and Hawk v. State, 171 So.3d 96 (Ala.Crim.App.2014).
The holding in Siercks, an opinion that I authored, and subsequently in Hawk was not based on the fact that § 13A-12-281, Ala.Code 1975, is written in mandatory terms[12] but (1) on the fact that § 13A-12-281 is a sentencing statute and it is well settled law that the imposition of a sen-fence outside the applicable statutory range of punishment, including the applicable statutory fine range, renders a.sentence illegal, which is a jurisdictional defect, see generally Warwick v. State, 843 So.2d 832, 834 (Ala.Crim.App.2002) (“A trial.-court does not have jurisdiction to impose a sentence not provided for by statute.”); see also Jackson v. State, 127 So.3d 1251, 1257 (Ala.Crim.App.2010) (holding that the failure to impose the fine in § 13A-12-231(13), Ala.Code 1975, renders a sentence illegal); and (2) on the more than two decades of easelaw from this Court treating the fine in § 13A-12-281 as a part of a criminal sentence so that the failure to impose the fine or the improper imposition of the fine renders a sentence illegal, constituting a jurisdictional defect.[13] *992 Moreover, the majority’s reliance on Ex parte Johnson, 669 So.2d 205 (Ala.1995), is misplaced because that case involved §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, not § 13A-12-281.
In his dissenting opinion in Steele v. State, 16 So.3d 816 (Ala.Crim.App.2008), Judge Shaw, now an Associate Justice on the Alabama Supreme Court, aptly explained:
“Although Bradley Neal Steele pleaded guilty in this case to trafficking in marijuana, a violation of § 13A-12-231(1), Ala.Code 1975, pursuant to a plea agreement with the State, the mandatory fines in § 13A-12-281, Ala.Code 1975, and § 36-18-7(a), Ala.Code 1975, were not part of that agreement and were not imposed as part of his sentence. Ex parte Johnson, 669 So.2d 205 (Ala.1995), and Scott v. State, 742 So.2d 799 (Ala.Crim.App.1998), relied on by the majority in reaching its conclusion that this case should not be remanded for the imposition of the mandatory fines, [14] deal solely with the specific enforcement of a valid plea agreenient calling for a legal sentence. In both of those cases, the enhancements that were not part of the plea agreements— §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, in Ex parte Johnson, and § 13A-5-9, Ala.Code 1975 (the Habitual Felony Offender Act OHFOA’)), in Scott—are not self-exeeut-ing enhancements. The HFOA must be invoked before it is legally applicable to sentence, see, e.g., Ex parte Williams, 510 So.2d 135,136 (Ala.1987) (([I]n order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant’s original sentencing.’), and the State must not only assert, but must •properly prove the enhancements in §§ 13A-12-250 and 13A-12-270 before they are legally applicable to a sentence, *993 see, e.g,, White v. State, 4 So.3d 1208 (Ala.Crim.App.2008) (refusing to remand for imposition of the sentence enhancements in §§ 13A-12-250 and 13A-12-270 where, although .the enhancements were charged in the indictment, the State did not include any facts in the factual basis for the pleas to support imposition of the enhancements). In Ex parte Johnson and Scott, the enhancements in §§ 13A-12-250 and 13A-12-270 and the HFOA were not included by the State in the plea agreements and, thus, were waived by the State and were not applicable to the sentences in those cases.[1]
“However, the fines in § 13A-12-281, Ala.Code 1975, and § 36-18-7(a), Ala. Code 1975, are self-executing, i.e., the State does not have to assert them before they are legally applicable to a sentence, and they have been treated by this Court as not only mandatory, but also jurisdictional, rendering a sentence illegal if they are not imposed. The Alabama Supreme Court did not hold in Ex parte Johnson, and this Court did not hold in Scott, that a defendant is entitled to specific enforcement of a plea agreement calling for an illegal sentence. Indeed, it appears that that particular issue has never been specifically addressed by the Alabama Supreme Court. However, this Court has held that ‘[a] trial court cannot accept a plea agreement that calls for an illegal sentence.’ Calloway v. State, 860 So.2d 900, 906 (Ala.Crim.App.2002) (opinion on return to remand and on second application for rehearing). See Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003), and Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). See also State v. Cortner, 893 So.2d 1264, 1273 (Ala.Crim.App.2004) (‘[W]e cannot uphold [a trial court’s] decision to order the specific performance of what is clearly an illegal agreement.’), and Warren v. State, 706 So.2d 1316, 1317 n. 3 (Ala.Crim.App.1997) (‘[A] defendant cannot consent to a sentence that is. beyond the authority of the court.’). Although there is a split in authority in other jurisdictions as to whether specific performance of a plea agreement is the proper remedy for a defendant who pleads guilty pursuant to an agreement that calls for an illegal sentence, see, e.g., People v. Caban, 318 Ill.App.3d 1082, 252 Ill.Dec. 732, 743 N.E.2d 600 (2001), and State v. Parker, 334 Md. 576, 640 A.2d 1104 (1994), and the cases cited therein, it appears to me that the remedy in Alabama in a case in which the plea agreement is invalid because it calls for an illegal sentence is not specific performance, but to allow the defendant to withdraw his or her plea.
“Because the fines in § 13A-12-281 and § 36-18-7(a) are mandatory and jurisdictional, thé sentence in this case is illegal, and this Court must take notice of that and remand the case for imposition of the fines. By not doing so—and instead holding that Steele is entitled to specific enforcement of the plea agreement—the majority is implicitly holding [in the present case, explicitly holding] that the failure to impose the fines in § 13A-12-281 and § 36-18-7(a) does not render a sentence illegal, i.e., that the fines are not jurisdictional and, thus, that this Court cannot, from this point forward, take notice of the failure of a trial court to impose them in any cas.e. I cannot agree with that holding in light of this Court’s previous treatment of the fines as jurisdictional. This Court should be consistent in its treatment of the fines. The fines are either jurisdictional or they are not. This Court has consistently treated the fines as jurisdictional in the past; thus, they must be *994 treated as jurisdictional in this case. I would remand this case to the trial court for it to impose the fines and then to allow Steele an opportunity to withdraw his plea if he so chooses. Therefore, I respectfully dissent.
[[Image here]]
I agree with Judge Shaw’s dissent in Steele.
I also question whether the majority’s holding today conflicts with the Alabama Supreme Court’s opinion in Pierson v. State, 677 So.2d 246 (Ala.1995), which appears to ’ have been the opinion that prompted this Court to treat the fine in §' 13A-12-281 as a jurisdictional part of a criminal sentence. In Pierson, the defendant was convicted of the unlawful distribution of a controlled substance and was sentenced to 12 years’ imprisonment. The trial court did not impose the fine in § 13A-12-281, and the State did not object or otherwise raise in the trial court any issue relating to the fíne. Therefore, under the general rules of preservation and waiver, the State waived imposition of the fíne. See, e.g., Ex parte Coulliette, 857 So.2d 793, 794 (Ala.2003) (noting that the rules of preservation and waiver restrict appellate review to questions and issues properly and timely raised at the trial level); and Ex parte Knox, 201 So.3d 1213 (Ala.2015) (applying the rules of preservation and waiver to the State). Nonetheless, when the defendant appealed her conviction and sentence, the State argued for the fírst time in this Court that the fine in § 13A-12-281 was mandatory and that the trial court had erred in not imposing it, and the State requested that this Court remand the case for imposition of the fine. This Court first noted that the State had not raised any issue relating to the fine at the trial level and then held that § 13A-12-281, although written in mandatory terms, was permissive. Pierson v. State, 677 So.2d 242 (Ala.Crim.App.1994). We declined the State’s request to remand the cause for imposition of the fíne, and we affirmed the trial court’s judgment.
The State sought certiorari review, and the Alabama Supreme .Court concluded that this Court had erred in holding that § 13A-12-281 was permissive and held “that the provisions of the Demand Reduction- Assessment Act are mandatory.” Pierson, 677 So.2d at 247. However, instead of affirming this Court’s judgment on the ground that the State had waived application of the fine in § 13A-12-281 by not raising the issue at the trial level, the Supreme Court reversed this Court’s judgment and directed this Court to remand the casé for imposition of the fine. At no *995 point in its opinion in Pierson did the Alabama Supreme Court use the term “jurisdictional” or state that the failure to impose the fine in § 13A-12-281 rendered the defendant’s sentence illegal. Nor did the Supreme Court state at any point in its opinion that the failure to impose the fine was nothing more than an exception to preservation that could be raised for the first time on appeal but was not jurisdictional. The Supreme Court simply did not explain in its opinion why it was ordering imposition of the fine when the issue had been waived by the State. Therefore, because I cannot say with any degree of certainty whether Pierson stands for the proposition that the fine in § 13A-12-281 is jurisdictional and not waivable by the State, as this Court has interpreted that opinion for over two decades, or for the proposition that the failure to impose the fine is nothing more than an exception to preservation,[15] I must question whether the majority’s holding today conflicts with Pierson.
In any event, since Pierson, the Alabama Supreme Court “has held that ‘“a challenge to an illegal sentence is jurisdictional and can be raised at any time.”’” Ex parte Jarrett, 89 So.3d 730, 732 (Ala.2011) (quoting Ex parte Batey, 958 So.2d 339, 341 (Ala.2006), quoting in turn Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004)). That Court has specifically stated that “ ‘a trial court does not have [subject-matter] jurisdiction to impose a sentence not provided for by statute.’” Ex parte Butler, 972 So.2d 821, 825 (Ala.2007) (quoting Hollis v. State, 845 So.2d 5, 6 (Ala.Crim.App.2002)). See also Ex parte Trawick, 972 So.2d 782, 783 (Ala.2007) (“Traw-ick’s claim that his sentence is illegal under the HFOA presents a jurisdictional claim.”). Although Judge Joiner in his special concurrence criticizes this Court’s caselaw holding that a challenge to a sentence outside the applicable statutory range of punishment, i.e., to an illegal or unauthorized sentence,[16] is a jurisdictional claim under Rule 32.1(b), Ala. R.Crim. P., the propriety of this Court’s caselaw is irrelevant because the Alabama Supreme Court has held the same. “This Court is bound by the decisions of the Alabama Supreme Court and has no authority to set aside those decisions.” Wiggins v. State, 193 So.3d 765, 820 (Ala.Crim.App.2014). See also § 12-3-16, Ala.Code 1975.
Judge Joiner also appears to question whether the caselaw holding that a challenge to an illegal sentence is jurisdictional survived the Alabama Supreme Court’s decision in Ex parte Seymour, 946 So.2d 536 (Ala.2006). It has. In addition to the fact that all the above Supreme Court cases holding that an illegal-sentence claim is jurisdictional were issued after that Court’s opinion in Ex parte Seymour, in Ex parte Batey, the Alabama Supreme Court specifically rejected the notion that Ex parte Seymour impacted the caselaw *996 holding that a sentence outside the applicable statutory range of punishment is a jurisdictional defect, explaining:
“This Court recently narrowed the scope of the jurisdictional exception to Rulé 32 in Ex parte Seymour, 946 So.2d 536 (Ala.2006), overruling a line of cases that had held that a defect in an indictment is a jurisdictional matter that is not procedurally barred. In Seymour, we held that a defective indictment does not deprive the trial court of jurisdiction to hear the case, and that, therefore, a claim that an indictment is defective is not exempt from the Rule 32[, Ala. R.Crim. P.,] bar. An illegal sentence, however, differs from a defective indictment. As we- explained in Seymour, ⅛ trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code.’ 946 So.2d at 538. The HFOA [Habitual Felony Offender Act], which is a provision of the Alabama Code, specifically vests a court with the authority to enhance a sentence; therefore, the court does not have the authority to impose a sentence that exceeds the scope of the HFOA. In doing so the court would be exceeding its jurisdiction.”
958 So.2d at 342 n. 2. Similarly, the Demand Reduction Assessment Act is a provision of the Alabama Code that specifically vests a court with the authority to enhance a sentence for certain convictions with an additional fine between $1,000 and $2,000; therefore, the court does not have the authority to impose a fine that exceeds the scope of that Act, i.e., to impose a fine less than $1,000 or more, than $2,000, and a court would exceed, its jurisdiction in doing so. ,
In this case, Kevin Brent Hall pleaded sufficient facts in his Rule 32, Ala. R.Crim. P., petition for postcoiiviction relief indicating that the sentence imposed for his 1992 guilty-plea conviction for unlawful possession of a controlled substance was outside the applicable statutory range of punishment and, therefore, was illegal because the trial court did not impose the fine in § 13A-12-281. “It is well settled that a facially valid challenge to the legality of a sentence presents1 a jurisdictional issue that can be raised at any time and that is not subject to the procedural bars of Rule 32.2, Ala. R.Crim. P.” Brand v. State, 93 So.3d 985, 994 (Ala.Crim.App.2011). I would remand this case for the circuit court to give Hall an opportunity to prove the facts alleged in his petition and, if Hall proves by a preponderance of the evidence that the fíne in § 13A-12-281 was not imposed, to grant Hall’s Rule 32 petition for postconviction relief and to impose the fine in § 13A-12-281.[17] Therefore, I respectfully dissent.
WELCH, J., concurs.

. This Court held in Siercks that § 13A-12-281 was both mandatory and jurisdictional, not that § 13A-12-281 was jurisdictional because it was mandatory.'

. Although the majority today expressly overrules only Siercks and Hawk, it also is implicitly overruling the following cases, in which this Court treated the fine in § 13A-12-281 as jurisdictional either by sua sponte taking notice of the trial court’s failure to impose the fine in § 13A-12-281 or of the trial court's improper imposition of the fine in § 13A-12-281, or by being alerted to the trial court’s failure to impose the fine in § 13A-12-281 by the State, and remanding for the imposition, correction, or setting aside of the fine regardless of whether the issue of the fine had been raised by the State or by the defendant at the trial level: Sistrunk v. State, 109 So.3d 205 (Ala.Crim.App.2012); Hinkle v. State, 86 So.3d 441 (Ala.Crim.App.2011); Mathews v. State, 74 So.3d 478 (Ala.Crim.App.2011); Holloway v. State, 995 So.2d 180 (Ala.Crim.App.2008); Hollaway v. State, 979 So.2d 839 (Ala.Crim.App.2007) overruled on other grounds, Wells v. State, 93 So.3d 155 (Ala.Crim.App.2011); S.T.E. v. State, 954 So.2d 604 (Ala.Crim.App.2006); O'Callaghan v. State, 945 So.2d 467 (Ala.Crim.App.2006); Tinker v. State, 932 So.2d 168 (Ala.Crim.App.2005); Freeman v. State, 839 So.2d 681 (Ala.Crim.App.2002); Phelps v. State, 878 So.2d 1202 (Ala.Crim.App.2002); Kirkland v. State, 850 So.2d 1259 (Ala.Crim.App.2002); Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001), overruled on other grounds, Ex parte Lightfoot, 152 So.3d 445 (Ala.2013); Spooney v. State, 844 So.2d 615 (Ala.Crim.App.2001); Harris v. State, 826 So.2d 897 (Ala.Crim.App.2000); Williams v. State, 794 So.2d 441 (Ala.Crim.App.2000); Ricketson v. State, 766 So.2d 981 (Ala.Crim.App.2000); Wooden v. State, 822 So.2d 455 (Ala.Crim.App.2000); Myrick v. State, 787 So.2d 713 (Ala.Crim.App.2000); Lewis v. State, 794 So.2d 1241 (Ala.Crim.App.2000); Bonner v. State, 835 So.2d 234 (Ala.Crim.App.2000); Stanberry v. State, 813 So.2d 932 (Ala.Crim.App.2000); Laster v. State, 747 So.2d 359 (Ala.Crim.App.1999); Davis v. State, 760 So.2d 64 (Ala.Crim.App.1999); Douglas v. State, 740 So.2d 485 (Ala.Crim.App.1999); Perry v. State, 741 So.2d 467 (Ala.Crim.App.1999); Forte v. State, 747 So.2d 925 (Ala.Crim.App.1999); Robinson v. State, 747 So.2d 348 (Ala.Crim.App.1999); Nix v. State, 747 So.2d 351 (Ala.Crim.App.1999); Glanton v. State, 748 So.2d 224 (Ala.Crim.App.1999); Arrington v. State, 757 So.2d 484 (Ala.Crim.App.1999); Wild v. State, 761 So.2d 261 (Ala.Crim.App.1999); McCart v. State, 765 So.2d 21 (Ala.Crim.App.1999); Pace v. State, 766 So.2d 201 (Ala.Crim.App.1999); Prince v., State, 736 So.2d 1144 (Ala.Crim.App.1999); Harris v. State, 741 So.2d 1112 (Ala.Crim.App.1999); Smith v. State, 766 So.2d 185 (Ala.Crim.App.1999); Palmer v. State, 745 So.2d 920 (Ala.Crim.App.1999); Garner v. State, 781 So.2d 249 *992 (Ala.Crim.App.1998), aff'd in relevant part, rev’d on other grounds, 781 So.2d 253 (Ala.2000); Baxter v. State, 723 So.2d 810 (Ala.Crim.App.1998); Snell v. State, 715 So.2d 920 (Ala.Crim.App.1998); May v. State, 729 So.2d 362 (Ala.Crim.App.1998); Brown v. State, 712 So.2d 1112 (Ala.Crim.App.1997); Williams v. State, 706 So.2d 821 (Ala.Crim.App.1997); Woods v. State, 695 So.2d 636 (Ala.Crim.App.1996); Burks v. State, 689 So.2d 997 (Ala.Crim.App.1996); Clay v. State, 687 So.2d 1245 (Ala.Crim.App.1996); Ford v. State, 687 So.2d 1258 (Ala.Crim.App.1996); Webb v. State, 677 So.2d 812 (Ala.Crim.App.1995); Howell v. State, 677 So.2d 806 (Ala.Crim.App.1995); Miller v. State, 673 So.2d 819 (Ala.Crim.App.1995); and Hinton v. State, 673 So.2d 817 (Ala.Crim.App.1995). I also point out that in recent years this Court has opted to remand cases for the imposition of the fine in § 13A-12-281 by unpublished order and has done so in dozens, if not hundreds, of additional cases. See, e.g., Hinkle, supra at 444 (noting that the case had previously been remanded twice for imposition of the fine in § 13A-12-281, Ala.Code 1975, as well as the fine in § 36-18-7(a), Ala.Code 1975).

14. I recognize that the majority in this case does not rely on Scott v. State, 742 So.2d 799 (Ala.Crim.App.1998). Rather, the majority relies on Ex parte Johnson, 669 So.2d 205 (Ala.1995), and on a single passing sentence in a footnote in Durr v. State, 29 So.3d 922 (Ala.Crim.App,2009), an opinion I also authored for the Court, in which I cited Ex parte Johnson for the broad proposition that “the State may elect to forgo the application of mandatory fines and other enhancements— including application of the Habitual Felony Offender Act.” 29 So.3d at 922 n, 1. Upon further review of the opinion in Ex parte Johnson, however, it is abundantly clear that my inclusion of mandatory fines in my statement in Durr was an overly broad interpretation, of Ex parte Johnson, a case in which the waivability of only the enhancements in §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, was before the Alabama Supreme Court. The Court did not have before it in Ex parte Johnson any issue relating to any fines, including the fine in § 13A-rl2-281. In any event, the sentence in Durr was entirely dicta and, therefore, has no precedential value.

"1 Of course, once the HFOA is invoked and it is clear from the record that the defendant has one or more pri- or convictions, the HFOA then becomes jurisdictional and this Court must take notice of-the trial court’s failure to apply it. See, e.g., Ingram v. State, 878 So.2d 1208 (Ala.Crim.App.2003) (where State gave notice of intent to invoke the HFOA and the record established that the defendant had at least five prior felony convictions, remand was required for trial court to resentence defendant under the HFOA). Likewise, once the State provides notice and properly proves the enhancements in §§ 13A-12-250 and 13A-12-270, they also become jurisdictional and this Court must take notice of the trial court’s failure to apply them. See*, e.g., Phelps v. State, 878 So.2d 1202 (Ala.Crim.App.2002) (once the State gave notice of its intent to seek enhancement under § 13A-12-250, Ala.Code 1975, and presented evidence of the applicability of the enhancement, remand was required for trial court to impose the enhancement).”

. Of note, however, is the fact that the Supreme Court’s opinion in Pierson was released only a month after the Court's opinion in Ex parte Johnson, supra, in which the Court held that the sentencing enhancements in §§ 13A-12-250 and 13A-12-270 were waivable by the State. When it decided Pier-son, then, the Supreme Court was keenly aware of the State’s ability to waive the applicability of certain sentencing statutes, but it chose in Pierson to order imposition of the fine in § 13A-12-281 despite the State’s waiver, which suggests to me that, contrary to the majority’s holding today, the State cannot waive application of the fine in § 13A-12-281.

. An unauthorized sentence and an illegal sentence are synonymous. See Black's Law Dictionary 864, 1771 (10th ed.2014) (defining “illegal” as "[fjorbidden by law” or "unlawful” and, in turn, defining "unlawful," in relevant part, as "[n]ot authorized by law”).

. Because the 10-year incarceration portion of Hall's sentence, which Hall does not challenge in his petition, was legal, it may not be changed. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992).